## JOHN ECKERT

v.

## CHRISTIAN F. COLLOT.

*Agency—Sale of Real Estate—Recovery of Commissions—License—
Evidence—Instructions.*

1.  The fact that a real estate agent had been in business for a number
of years or was licensed at the time of a certain trial, does not raise the
presumption that he was so licensed two years before.

2.  In an action brought by a real estate agent for the recovery of
commissions, the declaration being in assumpsit and containing nothing
but the common counts, the plea of the general issue entitles the defend-
ant to introduce an ordinance relating to such agents. No special con-
tract having been declared on, it will be time enough for the defendant
to plead the ordinance in his defense when a special contract had been
alleged against him that brought the plaintiff within the purview of the
ordinance.

3.  An instruction should not refer to such agent with reference to
such license in the present tense, the question in such cases being as to
whether the licenses had been issued at the time the parties dealt.

4.  An unlicensed real estate agent doing business in Chicago, can not
recover commissions.

[Opinion filed November 15, 1892.]

APPEAL from the Superior Court of Cook County; the
Hon. GEORGE H. KETTELLE, Judge, presiding.

Messrs. JOHN S. COOK and H. T. HELM, for appellant.

Mr. ARNOLD TRIPP, for appellee.

MR. JUSTICE SHEPARD. This is an appeal from a judg-
ment for $3,500 for commissions in the matter of the sale
of certain real estate.

Having come to the conclusion that the judgment must
be reversed for specific errors in law, which we will point
out, we refrain from comments upon the merits of the case

which might tend to the prejudice of either party upon another trial.

The declaration was upon the common counts and the plea was the general issue.

It appears that the appellee, the plaintiff below, is a real estate broker doing business and having his only office in the city of Chicago; that the land in question is situated within that city, and that all the transactions occurred there. On the trial the plaintiff testified that he was then, at the time of trial, a duly licensed real estate agent, and there was no other evidence in the case from which it might be inferred that he was so licensed at the time of his dealings with the defendant, nearly two years before the trial. The fact testified to by him that he had been in the real estate business since 1881, carries with it no such necessary inference.

On the part of the defendant, an ordinance of the city of Chicago relating to real estate brokers, passed June 11, 1883, was offered in evidence. To its introduction objection was made, on behalf of plaintiff, on the ground that the ordinance had not been specially pleaded, and the court sustained the objection.

The declaration being in assumpsit and containing nothing but the common counts, the plea of the general issue was all that was necessary to entitle the defendant to offer the ordinance in evidence. No special contract was declared on. It would have been time enough for the defendant to have pleaded the ordinance in his defense when a special contract had been alleged against him that brought the plaintiff within the purview of the ordinance. Durant v. Rogers, 71 Ill. 121; see also Garland v. Peeney, 1 Ill. App. 108.

That ordinance has been held to be valid, and appellee could not recover commissions for the purported sale of appellant's land, unless, at the time he made such sale, he was a licensed broker under it. Hustis v. Pickands, 27 Ill. App. 270; Braun v. City of Chicago, 110 Ill. 186.

The introduction in evidence of the ordinance would have

thrown upon the plaintiff the burden of proving compliance with it as a necessary precedent to his right of recovery. With the ordinance in evidence, the legal incompetency of the plaintiff to have made the contract in controversy would have been established, in the absence of proof on his part that he had avoided its prohibition by having been a duly licensed broker at the time of the transaction.

It was error to exclude the ordinance.

The court gave the jury on behalf of plaintiff, the following instructions:

" If the jury believe from the evidence the plaintiff is a licensed real estate dealer in the city of Chicago, doing business in said city, and defendant placed with plaintiff property for sale, and agreed to pay plaintiff a certain commission therefor, and if you further believe from the evidence plaintiff did find a purchaser for defendant's property, who was ready, willing and able to purchase same, and thereupon defendant refused to sell, the plaintiff is entitled to recover."

" If jury believe from evidence the plaintiff is a licensed real estate agent and defendant placed with the plaintiff certain property for sale and agreed with plaintiff to pay a certain commission if plaintiff found a purchaser for defendant's property, and if you believe plaintiff did find such purchaser who was ready, willing and able to take the property, and defendant refused thereupon to sell the same, then it makes no difference whether sale was carried out or not, and your verdict must be for the plaintiff."

It was erroneous to instruct the jury, as was done, that if they believed from the evidence that " the plaintiff *is* a licensed real estate agent," or dealer, etc.

The instructions should have referred to the time of the transaction, and not to the present time of the trial.

The instructions are also in other respects especially faulty, in that they ignore all reference to the terms upon which the sale was authorized, and a compliance with them.

The gist of the controversy between the parties, is the terms upon which defendant consented that plaintiff might

sell his property; and to omit all reference to the terms, and their being complied with, was to deprive defendant of the benefit of the only defense he was making.

We do not think that the fourth instruction given in behalf of the defendant cured the defects and omissions referred to in plaintiff's instructions. The question as to amount of commissions was not the only question for the jury to determine.

We do not regard the refusal to give defendant's fifth instruction as error.

For the reasons given the judgment will be reversed and the cause remanded.

*Reversed and remanded.*