## Whitfield v. Huling et al.

1. REAL ESTATE BROKERS—*Recovery of Commissions.*—A person who is engaged in the business of real estate broker in the city of Chicago, can not recover his commissions unless he has a license as a real estate broker from the city.

**Memorandum.**—Action of assumpsit for commissions, commenced May 11, 1887. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1892. Opinion filed February 14, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, CHARLES H. LAWRENCE, ATTORNEY.

Appellant contended that the special plea contained a complete defense to the action. Hustis v. Pickands, 27 Ill. App. 270, and cases there cited; Farrow v. Vedder, 19 Brad. 305; Anson on Contracts, 144; 2 Parsons on Contracts, 186; Cincinnati Mut. H. A. Co. v. Rosenthal, 55 Ill. 85; Penn v. Bornman, 102 Ill. 523; Braun v. City of Chicago, 110 Ill. 186; Workingmen's Banking Co. v. Rautenberg, 103 Ill. 460.

APPELLEES' BRIEF, CHAS. S. FRY, ATTORNEY.

Appellees contended that the sole purpose of the ordinance in question is to get revenue. And that it does not assume to reach or affect the validity of contracts made by an unlicensed broker; and that such contracts are not affected thereby, or against any public policy, or void, but are valid; and that the cases where contracts of an unlicensed person are held void are where the purpose of the license law is something beyond getting revenue from the license fee, *e. g.*, the protection of the public interests or to carry out a public policy. Smith v. Mawhood, 14 M. & W., 452; Johnson v. Hudson, 11 East (K. B.) 180; Brown v. Duncan, 10 B. & C. 93; Bailey v. Harris, 12 Q. B. 905; Cope v. Rowlands, 2 M. & W. 149; Tyler v. Larimore, 2 W. R. 179; Aiken v. Blaisdell, 41 Vt. 655; Griffith v. Wells, 3 Denio, 226; Larned v. Andrews, 106 Mass. 435; Pope v. Beals, 108 Mass. 562; Taliaferro v. Moffett, 54 Ga. 150, 153; Lindsay v. Rutherford, 17 B. Mon. 245; Strong v. Darling, 9 Ohio R. 201; Pangborn v. Westlake, 36 Iowa, 546.

OPINION OF THE COURT, GARY, P. J.

The appellees sued for commissions on a loan which they claim to have obtained for the appellant.

No review of the facts is necessary. The counsel for the appellee states in his brief that the principal question is, " Are the plaintiffs prevented from recovering herein because they did not have a license as real estate brokers from the City of Chicago ? "

The question arises upon a plea by the appellant, to which a demurrer was sustained. No objection is made to the plea other than that the ordinance can not affect the business relations of the parties.

The contrary was decided by this court in Hustis v. Pickands, 27 Ill. App. 270, where the ordinance is copied, and we followed that case in Eckert v. Collott, 46 Ill. App. 361.

The demurrer was wrongly sustained, and the judgment is reversed and the cause remanded.