**John Cervenka, Appellee, v. Edward R. Hunter and Jennie Hunter, Appellants.**

**Gen. No. 18,890.   (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1912. Remanded with directions. Opinion filed March 30, 1914.

## Statement of the Case.

Judgment by confession was recovered by John Cervenka against Edward R. Hunter and Jennie Hunter on a judgment note for two hundred and fifteen dollars attorney's fees given by the latter to plaintiff. The judgment was entered August 3, 1911, and on August 8th leave was given defendants to plead to the declaration, the judgment to stand as security. At the conclusion of the trial the court directed the jury to find

a verdict for plaintiff and to assess his damages at two hundred and fifteen dollars, and February 24, 1912, the court entered judgment that plaintiff have and recover of the defendants two hundred and fifteen dollars and his costs. From this judgment, defendants appeal.

Lavern W. Thompson, for appellants.

Sabath, Levinson & Stafford, for appellee.

Mr. Justice Brown delivered the opinion of the court.

## Abstract of the Decision.

1. Judgment, § 87*—*when entry of separate judgment after opening judgment by confession erroneous.* Where a judgment by confession was, on motion, opened and defendant ordered to plead to the declaration, the judgment to stand as security, and a trial resulted in a verdict for plaintiff, the judgment should direct that the previous judgment continue in full force and effect, and the entry of a separate and independent judgment is erroneous.

2. Appeal and error, § 1803*—*when cause remanded for correction of judgment.* Where a judgment by confession was opened and ordered to stand as security, and a trial resulted in a verdict for plaintiff on which a separate and independent judgment was entered, the entering of such judgment while the previous judgment was still of record constitutes ground for the remand of the cause to the court below for correction, but not for a new trial.

3. Appeal and error, § 207*—*when cause not reversed for giving of peremptory instruction orally.* A cause will not be reversed for the giving of a peremptory instruction orally where the objection that the instruction was not in writing was not included in the grounds for a written motion for a new trial, nor in the assignment of errors.

4. Appeal and error, § 1526*—*when oral peremptory instruction harmless.* The giving of a peremptory instruction orally is not ground for reversal where under the evidence no other verdict could properly have been returned.

5. Brokers, § 71*—*when failure to procure license not a defense to action on note for commissions.* The fact that plaintiff, a broker, was not licensed, as required by the Chicago ordinances, is not a defense to an action on a note given for commissions in negotiat-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

ing an exchange where the employment was in Wisconsin, the note given there and defendant's property situated in that State, though the property for which it was exchanged was situated in Chicago and the conveyances in exchange made in that city.

6. BROKERS, § 84*—*what evidence inadmissible in action for commissions.* In an action on a note given to a broker for commissions in negotiating an exchange of property, evidence of the rentals of the property acquired by defendant on the exchange is immaterial.