(No. 5386. July 25, 1929.)

D. J. McGILLIVRAY, Respondent, v. PAUL CRONRATH and BERTHA CRONRATH, His Wife, Appellants.

[279 Pac. 613.]

Miles F. Egbers, for Appellants.

W. B. McFarland, for Respondent, cites no authorities on point decided.

WM. E. LEE, J.—In the probate court of Kootenai county respondent recovered a judgment for services rendered by him as a real estate broker. The cause was appealed to the district court, on "questions of law alone," where the judgment was modified and "confirmed." (C. S., sec. 7185.)

Respondent was a resident of the state of Washington and there engaged in business as a licensed real estate broker. Appellant went to the office of the respondent in that state and listed with him certain real property for sale. All the negotiations leading up to and the actual sale of the property took place in the state of Washington. The property itself was in this state.

Chapter 184, Laws of 1921, makes it unlawful for any person to act as a real estate broker "*in this state*" without first having obtained a license therefor. It also provides that no person engaged in the business or acting in the capacity of a real estate broker "*within this state*" shall bring or

maintain any action in the courts for the collection of compensation for services as such broker without alleging and proving that such person was a duly licensed real estate broker. And, it is contended that a judgment for a commission on the sale of real estate cannot be recovered without showing that the broker was duly licensed in this state.

The purpose of the act is the regulation, etc., of the real estate brokerage business *in this state*. None of the acts specified, the doing of which constitutes the person so acting a real estate broker, was performed in this state. The listing of the property, the negotiations for its sale and its sale took place outside the state. The contract was made and performed and the commission earned in the state of Washington. Respondent, therefore, was not engaged as a real estate broker *in this state*. Chapter 184, Laws of 1921, has no application to a contract made and performed in another state for the payment of a commission for the sale of real estate in this state. (*Dean v. Wendeberg,* 175 Wis. 513, 185 N. W. 514; *Johnston v. Downey,* (Mo. App.) 257 S. W. 504; *Cervenka v. Hunter,* 185 Ill. App. 547; *Egeland v. Scheffler,* 189 Ill. App. 426; *Callaway v. Prettyman,* 218 Pa. 293, 67 Atl. 418. See, also, *Bettilyon Home Builders Co. v. Philbrick,* 31 Ida. 724, 175 Pac. 958.)

Judgment affirmed.

Costs to respondent.

Budge, C. J., and Givens, T. Bailey Lee and Varian, JJ., concur.