21263.   TILLMAN *v.* GIBSON.

DECIDED DECEMBER 19, 1931.

*B. B. Earle,* for plaintiff in error.

*P. C. Andrews, H. H. Merry,* contra.

JENKINS, P. J. (After stating the foregoing facts.) ■ Service of a bill of exceptions is essential to give this court jurisdiction to entertain the case, and service had before the bill of exceptions is certified by the trial judge is in law no service. *Consolidated Naval Stores Co.* v. *McPhatter,* 147 *Ga.* 797 (95 S. E. 686). Accordingly, it could not be held that the action of counsel for the defendant in error in examining the bill of exceptions and pointing out certain defects therein to the trial judge amounted to a waiver of service, since these acts were done before the certification of the bill of exceptions, and before it was ripe for service. Nor could it be held that the verbal notice of the certification, given by counsel for the plaintiff in error to counsel for the defendant in error, and the failure of counsel for the defendant in error to

point out any further objection to the bill of exceptions, either amounted to a waiver of service or could be shown in this court to constitute service in fact. See, in this connection, *Johnson* v. *Mc-Kelvin,* 150 *Ga.* 812 (105 S. E. 600) ; *Izlar* v. *Central of Ga. Ry. Co.,* 162 *Ga.* 558 (134 S. E. 315). But "where counsel acknowledges service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing is done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment distinctly and *specifically* states that it is not to be construed as waiving some *particular* defect then pointed out by him." (Italics ours.) Ga. L. 1911, p. 149; Michie's Code (1926), § 6160 (1) ; *Stacy* v. *Fleming,* 43 *Ga. App.* 591 (159 S. E. 735). In the instant case, while counsel of record for the defendant in error, in his belated acknowledgment of service, stated that it was made as of that date, and reserved the right to move to dismiss the bill of exceptions "for want of proper service as required by law," such acknowledgment does not specifically put its finger upon any "particular defect" not intended to be waived. Consequently the reservation of the right to move to dismiss for any defect showing a lack of proper service will not take the case from within the operation of the general rule. See, in this connection, *Jones* v. *Patterson,* 138 *Ga.* 862 (76 S. E. 378) ; *Scott* v. *Davis,* 22 *Ga. App.* 32 (95 S. E. 332). A contrary ruling is not required by the case of *Clark Milling Co.* v. *Simmons,* 155 *Ga.* 505 (117 S. E. 437). In that case the court held that while the belated acknowledgment of service, which reserved all rights of objection, would not cure the omission to serve the parties in time, a subsequent acknowledgment which did not contain such reservation, but expressly waived time of service, would cure the defect. The language of the reservation made in the first belated acknowledgment of service is not quoted, but presumptively it pointed out the particular defect which was not waived, since the court held that the reservation met the requirements of the act of .1911. The motion to dismiss the writ of error is denied.

■ The general rule as to contracts of all kinds is that they are to be governed as to their nature, validity, and interpretation by the law of the place where they were made, except where it appears from the contract itself that it is to be performed in a State

other than that in which it was made, in which case, by comity, the laws of that sister State will be applied in the enforcement of any contract to be there performed, so long as such laws do not conflict with the statutes, powers, or rights of the State wherein it was executed and sought to be enforced. Civil Code (1910), §§ 8, 9; *Cox* v. *Adams, 2 Ga.* 158; *Missouri State Life Ins. Co.* v. *Lovelace,* 1 *Ga. App.* 446 (3) (58 S. E. 93) ; *Davis* v. *DeVaughn, 7 Ga. App.* 324 (66 S. E. 956) ; 12 C. J. 449, 450, §§ 30, 31. In the instant case, which involved an ordinary broker's contract listing real estate located in the State of Florida, made in the State of Georgia with a Georgia broker, there is nothing to indicate from the contract that the work of finding a purchaser ready, able, and willing to buy the property on the terms stipulated by the owner was to be performed outside of the State of Georgia, Consequently, the laws of this State will govern as to the validity, nature, obligation, and construction of the agreement. Accordingly, in the instant suit on notes given by the purchaser of the property to the broker in settlement of the commissions of the broker, which commissions the purchaser had assumed under contract for the purchase and sale of the property, a recovery was not unauthorized on the ground that the broker had failed to comply with the Florida law licensing real-estate brokers. The ruling here made is not in conflict with the ruling in *Pratt* v. *Sloan,* 41 *Ga. App.* 150 (152 S. E. 275), since in that case the contract of listment was actually made in Florida, the broker lived in that State and had his office and place of business there, and all the negotiations, except the actual execution of the contract of purchase and sale between the Florida purchaser, procured by the broker, and the Georgia owner, were conducted in Florida.

■ With respect to the defense of fraud pleaded by the defendant the court charged the jury that "in order for the misrepresentation of Gibson [the plaintiff] to void the contract, you must determine, first, that Gibson made a misrepresentation; second that Gibson knew that the representation he made was untrue or false, and, third, that Tillman [the defendant] relied upon that representation at the time it was made." The exception taken to the charge is as follows: "Because said charge was misleading and confusing to the jury and was not a correct statement of the law applicable to the issue in this case and to defendant's plea and answer as set out

in the fourth paragraph thereof as amended, in which defendant alleged that there was no consideration for said notes; furthermore, because the question as to whether the plaintiff Gibson was reckless in his statements or as to whether he could have by the exercise of ordinary diligence discovered the falsity of his representations should have been submitted to the jury for their determination, as an issue of fact." This charge was not subject to the criticism made on it. There was no evidence to indicate that the plaintiff broker, in furnishing to the defendant purchaser information as to the number of turpentine boxes on the bargained premises, did so recklessly and without knowledge as to whether the information was true or false. On the contrary, it is clearly inferable that the broker did not himself purport to know the number of turpentine boxes on the premises, since the defendant himself testified that the listing showing the number of boxes on each tract of land involved in the transaction, furnished to him by the broker, was a listing which had been furnished to the broker by the owner of the property. No exception is taken to the failure to charge the principle embodied in the Civil Code (1910), § 4623, to the effect that misrepresentation "made by mistake and innocently and acted on by the opposite party constitutes legal fraud."

■ The evidence amply authorized the verdict in favor of the plaintiff, and no error of law appears.

*Judgment affirmed. Stephens and Bell, JJ., concur.*