[Civ. No. 7078. Third Dist. Oct. 30, 1944.]

W. R. HAYTER, Appellant, v. BERTHA A. FULMOR, Respondent.

Thomas Cotter for Appellant.

Morrison & Morrison for Respondent.

THOMPSON, J.—The plaintiff has appealed from a judgment against him in an action for damages resulting from alleged fraud of the respondent, which was rendered pursuant to an order sustaining a demurrer to the complaint, without leave to amend the pleading.

The problem to be determined on this appeal is whether the court abused its descretion in refusing to permit the plaintiff to amend his complaint. The question is, does the amended complaint attempt to allege, although it is imperfectly worded, a valid cause of action for damages growing out of fraud with relation to defendant's duty to disclose the fact that she did not own certain real property in Alaska, for the sale of which, by written contract, she agreed to pay plaintiff stipulated commissions? The written agreement, which is attached to the amended complaint and made a part thereof, declares that the defendant executed to plaintiff a "general power of attorney," authorizing him to sell and convey title to the Alaska land described therein. The amended complaint fails to allege that plaintiff is a real estate broker or that he holds a license, as such, pursuant to the provisions of the California Real Estate Act. (Stats. 1919, p. 1252, and amendments; Deering's Gen. Laws of 1937, p. 30, Act 112.) The trial court held that the contract to sell real property in Alaska was therefore void and that the action for fraud necessarily fails because it was based on that void contract.

The written contract for sale of Alaska land was executed by the parties November 18, 1940, in Humboldt County, California. In neither the contract nor the amended complaint does it appear that the plaintiff was a real estate broker in California or elsewhere. The contract alleges that defendant is the owner of the land described, which is situated at Seldovia, Alaska, and stipulates to pay plaintiff 50 per cent of the net proceeds of sale of either of two designated portions of said land, which payment shall include "any moneys advanced" by plaintiff on account of said sale. It then agrees to pay plaintiff 10 per cent of the net proceeds of sale of the remaining portion of the property. It also asserts that plaintiff is the holder of a general power of attorney authorizing him to sell and transfer title to said real estate, in the following language:

"In order to expedite the sale of the property *belonging to the party of the first part she has executed to the party of the second part a general power of attorney* under which he will have the right to execute all necessary papers and deeds in connection with the transfer of said property." (Italics added.)

The amended complaint alleges, in effect, that the defendant falsely represented to plaintiff that she held title to the property designated therein, at Seldovia, Alaska, knowing that she did not own the same, and thereby induced him to enter into the written agreement, marked Exhibit "A" and made a part of the pleading, and to expend the sum of $2,535 in attempting to sell the property, and to suffer further damages in the sum of $10,000 on that account. The plaintiff alleges that he did expend said sum of $2,535 of his own money in reliance upon said false representation of ownership of the property by the defendant. The prayer asks for damages in the aggregate sum of $12,535. It is not a suit *to recover commissions* as a real estate broker, or otherwise. The complaint is not a model form of a pleading for damages for fraud, and it may be subject to special demurrer for failure to allege the particular purposes for which said sum of $2,535 was expended. The briefs disclose the fact that plaintiff did spend his own money in a fruitless journey to Alaska, where he discovered, for the first time, that defendant did not own the property. That fact does not appear in the pleading. The court sustained a general and special demurrer to the complaint, speci-

fically denying plaintiff the right to amend the pleading. Pursuant to that order a judgment was subsequently rendered against plaintiff as previously stated. From that judgment this appeal was perfected.

We are of the opinion the court abused its discretion in refusing to permit plaintiff to amend his complaint. It is not claimed on appeal that plaintiff holds a valid license in California as a real estate broker, or that he held such license "at the time the alleged cause of action [for fraud] arose." ■ If he did hold a valid license at the time when the cause of action arose, and that fact is material, which we do not concede, he should be permitted to amend his complaint and so allege. Section 20 of the Real Estate Act provides in part that:

"No person, . . . engaged in the business or acting in the capacity of a real estate broker . . . shall bring or maintain any action in the courts of this state *for the collection of compensation* for the performance of any of the acts mentioned in section two hereof *without alleging and proving* that such person . . . *was a duly licensed real estate broker* or real estate salesman *at the time the alleged cause of action arose.*" (Italics added.)

■ In the case of *Houston* v. *Williams*, 53 Cal.App. 267 [200 P. 55], it was held that it was not necessary to allege that the person seeking to recover commissions as a real estate broker held a license "at the time he entered into said contract." On the contrary it would be sufficient if he alleged that he held the license at the time the cause of action arose. It is, however, necessary in a suit for broker's commissions to allege and prove that the broker held a valid license at the time the action arose. This is true even though a contract, upon which the action is founded, is for the sale of real property situated in another state or territory. ■ It is the general rule of contracts that the *lex loci contractus*, or law of the place where the agreement is made, determines the nature, validity and construction of the instrument, unless it appears therefrom that it is to be performed in another state. (*Roos* v. *Jensen*, 30 Cal.App.2d Supp. 773 [78 P.2d 476]; 6 Cal.Jur. 359, § 215; Civ. Code, § 1646; *Tillman* v. *Gibson*, 44 Ga.App. 440 [161 S.E. 630].) In the case of *McGillivray* v. *Cronrath*, 48 Idaho 97 [279 P. 613], it was held that it was not necessary to allege or prove that the broker who resided in and was licensed in the State of Washington, where the contract to sell

real property was made, was also licensed in Idaho, although the property was situated in the last mentioned state.

It is not material in this case whether the plaintiff held a real estate broker's license in either California or Alaska. The contract to sell and convey the land was made in Humboldt County, California, and the law of this state therefore ordinarily controls, as we have previously stated. For the same reason, it is not necessary to determine whether the former rule that the law of a sister state is presumed to be the same as the law of California, in the absence of a pleading to the contrary (*Cavallaro* v. *Texas & Pac. Ry. Co.*, 110 Cal. 348, 357 [42 P. 918, 52 Am.St.Rep. 94] ; 10 Cal.Jur. 704, § 30) applies to the present case. The question is whether the amendment in 1927 of section 1875, subdivision 3, of the Code of Civil Procedure applies to territories such as Alaska, Hawaii or to the District of Columbia. (16 Cal.L.Rev. 65.) That portion of the section, as amended, now provides that:

"Courts take judicial notice of the following facts: . . .

"3. Public and private official acts of the legislative, executive and judicial departments of this state and of the United States, *and the laws of the several states of the United States.* . . ."

Alaska is a territory and not a state. Judicial notice of the laws of subdivisions of the United States appears to have been confined to "states" by the preceding amended section. Since it is not necessary to do so, we refrain from determining the effect of the omission to mention territories in said amendment.

We are, however, of the opinion the law of California did not require the plaintiff in this case to be a licensed real estate broker, under the circumstances of this case, to entitle him to maintain an action for damages for fraud growing out of his agreement for commissions for the sale and conveyance of the particular Alaska property. That is true because he is specifically exempted from the provisions of the California Real Estate Act, as provided by paragraph three of section 2 of that act, which declares that:

"Nor shall the provisions of this act apply to persons holding a duly executed power of attorney from the owner."

As specifically provided in the foregoing quoted portion of section 2 of the act, a person who sells or negotiates for the sale of real property under a duly executed power of attorney

is exempt from the provisions of the Real Estate Act, and is not then required to hold a license. It would be immaterial, under such circumstances, whether he was ordinarily engaged in business as a real estate broker. The power of attorney ordinarily authorizes the special agent to do more than to perform the usual duties of a real estate broker to merely negotiate a sale of real property. The power of attorney authorizes the special agent "to act for and in place of the principal *in consummating the transaction as distinguished from merely negotiating it."* (Italics ours.) (*Riley* v. *Chambers,* 181 Cal. 589, 597 [185 P. 855, 8 A.L.R. 418].) A power of attorney creates a different relationship between the parties from that of a mere realtor's contract to sell property. While the power of attorney does ordinarily create a special agency, the grantee thereunder becomes the *attorney in fact* for the owner of the land (2 Am.Jur. 30, § 27), with authority and power to do anything with relation thereto which the owner himself might lawfully perform. (*Murray* v. *Miller,* 178 N. Y. 316 [70 N.E. 870].)

 We may assume from the written agreement attached to the complaint, which is expressly made a part thereof, that the plaintiff did hold a duly executed power of attorney authorizing him to sell the Alaska property and to convey title thereto. At least he should be permitted to amend his complaint to allege that fact if it be true. The refusal to permit that amendment constitutes an abuse of discretion.

In the case of *Haas* v. *Greenwald,* 196 Cal. 236 [237 P. 38, 59 A.L.R. 1493], in construing the above quoted portion of section 2 of the act, the Supreme Court said at page 246:

"It is only when persons, firms, or corporations are acting in a purely representative capacity in undertaking to conduct negotiations of the kind specified in said act and when such persons or entities *have not come into that particular relationship to the owner of the property involved in such negotiations as finds expression in a power of attorney that the safeguards of the statute are sought to be thrown around the principals to the transaction in question through the requirement that the agent or agents undertaking to conduct or consummate the same shall have that approved character which the possession of the required license assures."* (Italics added.)

 The respondent asserts that the contract with plaintiff to sell the land is void, because it does not appear that he was a licensed real estate broker, and that the cause of action

for fraud fails because it is necessarily founded on the alleged void contract to sell the property. We do not agree with that contention. We have held that the contract is not void provided the plaintiff held a duly executed power of attorney to sell and convey the property. The contract specifically declares that the respondent "has executed to the party of the second part [W. R. Hayter] a general power of attorney," to sell and transfer title to the property. We may assume this power of attorney was executed because he might have to sell and convey the property in Alaska, and he might not have access to the owner in making the transfer of title. The power of attorney may have been executed to expedite the conveyance of title in the event of a sale in Alaska, as the contract states. The purpose of executing that power of attorney is immaterial. The Real Estate Act declares that it has no application to one who holds such power of attorney.

It seems clear from the allegations of the amended complaint that the suit is ex delicto and is based on alleged fraud on the part of respondent with respect to the ownership of title to the property which led to appellant's damages. It is not a suit upon contract for the collection of real estate commissions for the sale of the property. The appellant does not claim to have secured a purchaser. But he does claim to have suffered damages on account of the alleged misrepresentation.

In determining whether a complaint is founded on a contract or is ex delicto, the pleading should be liberally construed as a whole. (*Jones* v. *Kelly*, 208 Cal. 251 [280 P. 942].) With relation to that inquiry the Supreme Court said at page 254 of the last cited case:

" 'In determining whether a pleading is intended to state a cause of action *ex contractu* or one *ex delicto* it should be construed according to the full scope and effect rather than according to a single sentence or expression contained therein. . . .' If the cause of action arises from a breach of promise the action is *ex contractu*, but if it arises from a breach of duty growing out of the contract it is *ex delicto*. (*Mobile Life Ins. Co.* v. *Randall*, 74 Ala. 170.) A tort and trespass is none the less such because it incidentally involves a breach of the contract."

In the present case, if the appellant held a valid duly executed power of attorney to sell and convey the Alaska property, the contract was not void, and a suit ex delicto, for fraud

562

with respect to the title to the property involved therein, would lie.

In determining the nature of the cause of action we are confined to the allegations of the amended complaint. The original complaint does not appear in the record on appeal. We may not consider the allegations of the original complaint on that account. The amended complaint which does appear in the record on appeal superseded the original pleading. The original complaint, to which a demurrer was sustained, may not be considered on this appeal for any purpose. (*Bray* v. *Lowery*, 163 Cal. 256, 260 [124 P. 1004] ; 21 Cal.Jur. 213, § 146.)

The judgment is reversed and the trial court is directed to permit the plaintiff to amend his pleading.

Adams, P. J., and Peek, J., concurred.