330 P.2d 999

S. Marvin JAMES and Audrey James,
husband and wife, Appellants,
v.
Russell HILLER, Appellee.
No. 6527.
Supreme Court of Arizona.

Oct. 22, 1958.

James M. Howsare and Robert F. Miller, Tucson, for appellants.

Udall & Udall, Tucson, for appellee.

WINDES, Justice.

Russell Hiller, plaintiff below and appellee herein, sued S. Marvin James and wife to recover a real estate commission in the sum of $3,500 for causing the sale of defendants' property located in Tucson, Arizona. The trial court rendered judgment for the plaintiff in the amount claimed. Defendants appeal.

The controlling facts are that plaintiff is a real estate broker with offices in New Mexico and is licensed by that state to transact such business therein but is not licensed by the state of Arizona. In Tucson the parties apparently had orally understood that plaintiff was to attempt to sell defendants' Tucson property. Thereafter in New Mexico defendants executed a written listing authorizing plaintiff to sell the Tucson property for the price of $125,000. Plaintiff worked up a deal with one Ek, a resident of New Mexico who owned some properties therein, whereby Ek was to acquire the Tucson property, trade his New Mexico properties and pay defendants the balance. This deal resulted in a written contract entered into and executed in New Mexico between the plaintiff, defendants and Ek and his wife, whereby each of the owners agreed to convey their respective properties and Ek would pay defendants $87,000 in monthly instalments, the contract for transferring the Tucson properties to be escrowed in Tucson.

The contract executed by the parties in New Mexico contained the following provision:

"F. That the parties of the first part (James) shall pay Harper-Hiller Co. of Albuquerque, New Mexico the sum of $5,000.00 as commission which parties of the first part agree to pay as outlined in Letter of Agreement dated May 24, 1954."

Bearing the same date as the contract, May 24, 1954, the following letter signed

by the defendant S. Marvin James was delivered to plaintiff:

"Dear Mr. Hiller:

"Pursuant to the agreement prepared by your company between the writer and Alvin B. and Pauline Ek covering the exchange of the Desert Sands Motel in Tucson Arizona for certain properties owned by Mr. and Mrs. Ek in Albuquerque, this will serve to confirm our understanding with regard to commissions due you as a result of this transaction.

"It is agreed as set forth in the agreement between the parties concerned that your total commission will be the sum of $5000.00. The sum of $1500.00 will be paid to you in cash as the time of the closing of this transaction. The balance of $3500 will be due and payable to you in the following manner;

"It is mutually agreed and understood that I am to receive a net amount of $30,000 for my equities in the properties in Albuquerque being obtained from Mr. & Mrs. Ek. and that this will constitute your option and exclusive right to sell these properties until Jan 1 1954 on a basis wherein you will receive the first $3500.00 in cash from the sale of these properties with the usual 5% commission to apply above this net figure on any sales, or, in the event that their sale is not consumated (sic) before Jan 1st. 1954, the following will apply;

"Mr. and Mrs. Ek have been instructed by letter under date of May 24, 1954 with copy to you, that in the preparation of their monthly accounting statement of operations to me, that, any and all payments which they make after November 1, 1954 over and above the stipulated monthly payments in the contract to me are to be paid to you until the sum of $3500.00 has been paid. However, this will not apply of course in the event that that (sic) the property is sold as outlined above in which event you will have already recovered the amounts due you."

The deal was consummated as agreed and the parties took possession of their respective properties and the plaintiff was paid, to apply on his commission, the sum of $1,500 as agreed in the letter. Thereafter Ek defaulted and defendants repossessed the Tucson property but refused to pay plaintiff the balance of the agreed commission which is the sum of $3,500.

Defendants suggest two reasons why plaintiff should not be allowed to recover. It is first urged that since plaintiff has no broker's license, as required by the provisions of section 32–2152, A.R.S., he cannot recover any commission. Certainly no one

engaged in the real estate brokerage business within the state of Arizona can recover a commission unless licensed as provided by the foregoing section of the statute. The question here presented is whether the Arizona law has any application to the transaction herein.

The general rule is that a brokerage contract is a contract of employment for personal services and its validity is determined by the law of the state where made unless it appears from the contract that it is to be performed elsewhere, in which event the law of the state where it is to be performed governs irrespective of the location of the property involved. Tillman v. Gibson, 44 Ga.App. 440, 161 S.E. 630; 11 Am.Jur., Conflict of Laws, section 167, page 474; Annotation 159 A. L.R. 266. It is likewise the rule that brokerage contracts such as in the instant case are unilateral and the place of contracting is where the last act necessary to make it binding occurs, which is the place where the broker produces a ·purchaser ready, able and willing to buy at the authorized price. Cochran v. Ellsworth, 126 Cal.App. 2d 429, 272 P.2d 904; Canadian Industrial Alcohol Co. v. Nelson, 8 W.W.Harr. 26, 38 Del. 26, 188 A. 39; 2 Beale on Conflict of Laws, section 323.2.

In this case not only were all the instruments heretofore related actually executed in New Mexico but the purchaser was found therein and there being nothing to indicate an agreement that it should be performed in Arizona, we conclude that the contract for plaintiff's services was made in New Mexico and performed therein. Under such circumstances its validity is determined by the law of that state and no Arizona brokerage license is required to enable recovery thereon. McGillivray v. Cronrath, 48 Idaho 97, 279 P. 613.

It is urged that the motion to dismiss the complaint should have been granted because there was no allegation that plaintiff had an Arizona license. The amended complaint avoided the necessity of such an allegation by alleging in substance the facts herein stated and thereby placed the case outside the category of one requiring such allegation. If facts are pleaded which if true allow recovery without an Arizona license, certainly none need be alleged.

The other specification of error presented is that the contract upon which defendants' liability was based is subject to a condition precedent which had not been performed by the plaintiff. Defendants' argument is that since the letter agreement states that the balance of $3,500 "will be due and payable in the following manner" and then prescribes ·one of two possible methods of payment, neither of which developed, no liability resulted. They concede that if the language was "the $3,500 being due will be paid in the

following manner", it would create present liability and if neither of the mentioned contemplated events occurred, it would become payable within a reasonable time. The heretofore mentioned contract executed by the parties provides that the defendants "shall pay" plaintiff a $5,000 commission and agreed to pay as outlined in the letter. The letter states that it confirms "our understanding with regard to the commission due you as a result of this transaction." There was actually paid $1,500. The case was tried upon the theory that there was an ambiguity as to whether the instruments created a present or contingent liability. We are referred to no objection by either party to such procedure and evidence was submitted pro and con as to the intention of the parties in this regard. We think that from the instruments and the evidence the court was fully justified in ruling that the obligation was a present existing obligation and not contingent depending upon a condition precedent.

Judgment affirmed.

PHELPS and STRUCKMEYER, JJ., concur.

*Note:* Chief Justice Udall, having announced himself disqualified, and Justice Johnson, having sat as trial judge, did not participate in the determination of this appeal.