494 P.2d 747

**ARITEX LAND COMPANY, Inc., an Arizona Corporation, Appellant,**

v.

**Vivian ARNOLD, Appellee.**

**No. 2 CA–CIV 977.**

Court of Appeals of Arizona, Division 2.

March 17, 1972.

Rehearing Denied April 12, 1972.

Review Denied May 9, 1972.

---

Silverstone & Stern by Maurice M. Stern, Tucson, for appellant.

Waterfall, Economidis & Caldwell, P. C. by Walter B. Nash III, and Hugh M. Caldwell, Jr., Tucson, for appellee.

KRUCKER, Chief Judge.

Plaintiff-appellee, Vivian Arnold, initiated this action in the Superior Court of Pima County to recover a broker's fee on the sale of defendant's property in Texas. Defendant-appellant, Aritex, an Arizona corporation, counterclaimed for return of the portion of the broker's fee that had been paid to plaintiff, alleging fraud and illegal contract because plaintiff and her agents were not licensed real estate brokers or salesmen in Texas.

On 7 December 1970, the court entered a written judgment in favor of the plaintiff in the amount of $40,637.50, plus interest and attorneys' fees. Defendant here appeals this judgment.

Defendant, Aritex Land Co., Inc., owned a large ranch in Texas which it desired to sell. Plaintiff, Vivian Arnold, through her agents, searched for and found a purchaser for the ranch. Plaintiff's agents took Mary West, the prospective purchaser, to Texas to look at the ranch. There they received an oral agreement from Irving Baker, the president of Aritex, for a listing of the property. Mary West was shown the ranch and after returning to Tucson with plaintiff's agent, submitted offers to purchase the ranch. Irving Baker came to Tucson to sign a Deposit Receipt and Agreement and a Commission Agreement. The sale was ultimately closed to everyone's satisfaction and plaintiff was paid the first $20,000 of the commission as per the Commission Agreement.

Appellant raises two questions on appeal:

1. Was it error for the trial court to find that there was no fraud by the

plaintiff or her agents in procuring the agreement?

2. Should the contract have been determined to be void and unenforceable because plaintiff and her agents were not licensed as real estate brokers or salesmen in Texas?

The judgment of the trial court included the following findings and conclusions:

"1. That neither the plaintiff nor her agents were guilty of fraud in procuring the employment agreement concerning the sale of the Texas property;

2. That the plaintiff, through her agents, found the purchaser in Arizona and took her to Texas, where for the first time plaintiff's agents asked Irving Baker, agent of defendant, for a listing of the property, and introduced the purchaser to Irving Baker, who verbally agreed that plaintiff should handle the proposed sale of the property to the purchaser; that thereupon, Irving Baker showed the property to the purchaser;

3. That on January 14, 1967, the purchaser, Mary West, at Tucson, Arizona, offered $975,000.00 for the ranch which offer was not accepted by the defendant but thereafter, the purchaser, Mary West, made an offer of $1,212,750.00, which offer was made in Tucson, Arizona and accepted by the defendant in Tucson, Arizona on January 16, 1967."

### FRAUD

■ This court on appeal is bound by the trial court's findings unless they are *clearly erroneous*. Douglas v. Vancouver Plywood Co., 16 Ariz.App. 364, 493 P.2d 531 (filed February 3, 1972); Dietel v. Day, 16 Ariz.App. 206, 492 P.2d 455 (1972); Zellerbach Paper Co. v. Valley National Bank, 13 Ariz.App. 431, 477 P.2d 550 (1970). We have reviewed the entire record before us and conclude that the trial court's finding that there was no fraud is *not clearly erroneous*.

### VALIDITY OF THE CONTRACT

Both parties and this court agree that James v. Hiller, 85 Ariz. 40, 330 P.2d 999 (1958) is a correct statement of the law and we believe it to be analogous to the case *sub judice*.

The facts in *James* were as follows. Plaintiff was a real estate broker in New Mexico and was licensed there but not in Arizona. In Tucson, an oral agreement was made for plaintiff to sell defendant's Tucson property. Thereafter, in New Mexico defendant executed a written listing agreement for plaintiff to sell the Tucson property. Plaintiff found a buyer in New Mexico and a written contract for the sale was entered into in New Mexico. Plaintiff there brought an action to recover the portion of the commission which defendant refused to pay, alleging that plaintiff should not recover because plaintiff was not licensed as a broker in Arizona.

The Arizona Supreme Court there reasoned that:

"The general rule is that a brokerage contract is a contract of employment for personal services and its validity is determined by the law of the state where made unless it appears from the contract that it is to be performed elsewhere, in which event the law of the state where it is to be performed governs irrespective of the location of the property involved. Tillman v. Gibson, 44 Ga.App. 440, 161 S.E. 630; 11 Am.Jur., Conflict of Laws, section 167, page 474; Annotation 159 A.L.R. 266. It is likewise the rule that brokerage contracts such as in the instant case are unilateral and the place of contracting is where the last act necessary to make it binding occurs, which is the place where the broker produces a purchaser ready, able and willing to buy at the authorized price. Cochran v. Elsworth, 126 Cal.App.2d 429, 272 P.2d 904; Canadian Industrial Alcohol Co. v. Nelson, 8 W.W.Harr. 26, 38 Del. 26, 188 A. 39; 2 Beale on Conflict of Laws, section 323.2.

In this case not only were all the instruments heretofore related actually executed in New Mexico but the purchaser was found therein and there being noth-

ing to indicate an agreement that it should be performed in Arizona, we conclude that the contract for plaintiff's services was made in New Mexico and performed therein. Under such circumstances its validity is determined by the law of that state and no Arizona brokerage license is required to enable recovery thereon. McGillivray v. Cronrath, 48 Idaho 97, 279 P. 613." 85 Ariz. at 43, 330 P.2d at 1001, 1002.

The question in *James* was whether Arizona law should apply to require voiding of the contract because plaintiff was not licensed in Arizona. In the case *sub judice* the role of Texas in the factual circumstances is analogous to that of Arizona in *James*. The property is in Texas and an oral agreement for plaintiff to list the property was consummated in Texas. The purchaser, Mary West, was found in Tucson. Offers to purchase were made in Tucson. The Deposit Receipt and Agreement was signed by both plaintiff and defendant in Tucson. The Commission Agreement was signed in Tucson. There was no suggestion in any agreement that the performance of the contract was to be anywhere other than in Arizona. Upon completion of the sale, plaintiff was paid the first $20,000 of the agreed commission pursuant to the Commission Agreement.

Defendant argues that Texas law should apply to void the contract (because plaintiff was not licensed there) for the following reasons. The oral agreement for a listing was given in Texas, the land was in Texas, the purchaser came to Texas to view the ranch and the Deposit Receipt and Agreement allowed purchaser to designate an attorney who would within twenty (20) days "notify the seller that the legal language herein contained has been corrected. . . .", and thereafter "Supplemental Earnest Money Contracts" were negotiated between the seller and purchaser in Texas. Defendant contends that the agreement was not completed until the closing which occurred in Texas. Clear language in the Commission Agreement indicates that the commission was to be paid in consideration of the Deposit Receipt and Agreement dated January 16, 1967.

We find these factors unpersuasive. The written contract for the broker's services was signed in Tucson and it was in Tucson that the broker performed the last act necessary to complete the contract by producing a buyer ready, willing and able to purchase the property. As the Arizona Supreme Court has pointed out, the broker completes his part of the bargain upon producing the buyer and even if the seller and purchaser thereafter negotiate a lower sale price, the broker's claim for the agreed commission will not be defeated. Nardelli v. T. C. Triplett Bldg. Co., 38 Ariz. 168, 298 P. 402 (1931); Fornara v. Wolpe, 26 Ariz. 383, 226 P. 203 (1924).

The judgment is therefore affirmed.

HATHAWAY and HOWARD, JJ., concur.