## F. S. Hendricks, Appellee, v. J. M. Richardson, Appellant.

### Gen. No. 28,989.

BROKERS—*want of license as bar to commissions under statute.* Where plaintiff had been acting as agent for the collection of rents from the Chicago properties of defendant and, claiming authority to find a purchaser therefor, submitted them to a prospect in August, 1921 who inspected them but made no bid and apparently, took no further interest in them till they were again submitted to him in April, 1922 when negotiations were begun and a trade effected between such customer and defendant, plaintiff could not recover a commission because of the statute regulating real estate brokers (Cahill's Ill. St. ch. 17a) which took effect Jan. 1, 1922 and under which plaintiff did not procure a certificate of registration until Aug. 25, 1922, the efficient services in the transaction having been rendered after the act went into effect.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ALFAR M. EBERHARDT, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1923. Reversed. Opinion filed May 27, 1924. *Certiorari* denied by Supreme Court (making opinion final).

A. L. PHILLIPS, O. R. MIDDLETON and DANIEL RILEY McMASTER, for appellant.

O. D. OLSON and JOEL C. CARLSON, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is a suit in attachment to recover commissions as a real estate broker. The court found the issues for plaintiff and assessed his damages at $3,129.75.

On May 4, 1922, defendant as acting agent for his wife and brother-in-law entered into an agreement with one N. Albert Iver to exchange certain real estate in Chicago for Iver's property in Manitoba, Canada. Plaintiff had been acting as agent for collecting

rents from the Chicago properties, and claimed authority from defendant to find a purchaser therefor. He first submitted the properties to Iver in August, 1921. Iver inspected them but made no bid, and so far as the record shows took no further interest in them until they were submitted to him again in April, 1922. It does not appear that plaintiff was authorized to submit the properties on any particular terms but was to get a proposition. When he again submitted them to Iver the second time, the latter made an offer therefor, which he telegraphed to defendant at his residence in California. Defendant came on, met Iver, made a tentative agreement, and went with Iver to inspect the property in Canada, where the contract was executed. It was not carried out, defendant having paid Iver a sum to be released therefrom.

Plaintiff did not apply for a state certificate of registration to act as real estate broker under the act of June 29, 1921 (Cahill's Stat., Ch. 17a), until July 29, 1922. The certificate was issued August 25, 1922.

Said act makes it unlawful for a person to act as a real estate broker without such a certificate of registration after Jan. 1, 1922. The evidence does not show that anything was accomplished by plaintiff towards procuring a customer for defendant's properties until April, 1922. It was not until efforts made by him then to interest Iver that anything effective was done toward bringing the parties together. Not until then did he submit any proposition to defendant or did defendant know of Iver. While the properties were submitted to Iver before said act went into effect, yet nothing was done by plaintiff on which he could justly base a claim for commission until April, 1922, when it was unlawful for him to act as a real estate agent without such certificate of registration. He cannot, of course, be permitted to collect a commission for services rendered as a real estate broker at a time when it was unlawful for him to act as such,

It was his services rendered in April, after the act went into effect and before he procured his certificate, upon which his claim for a commission rests. Had the efficient services been rendered before the act went into effect then the case would be analogous to that of *Reed v. Young*, 146 Ill. App. 210, cited by appellee.

The statute had no retrospective effect or tendency to impair the obligation of contracts, but were it in conflict with the constitution that question could not be raised in this court. As plaintiff was not duly authorized to act as a real estate broker he cannot collect his commission regardless of the merits of his claim otherwise, and consequently the judgment will be reversed.

*Reversed.*

Gridley, P. J., and Fitch, J., concur.