A. C. Mickelson, Trading as American Business and Realty Sales, Appellant, v. Signe Kolb and Paul H. Kolb and Liberty Trust and Savings Bank, Appellees.

Gen. No. 44,700.

Opinion filed May 16, 1949.   Released for publication May 27, 1949.

LAURENCE M. FINE, of Chicago, for appellants.

ANDERSON & ROCHE, of Chicago, for appellees; C. HILDING ANDERSON, of Chicago, of counsel.

MR. PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff brought his action for brokerage commission in the sale of real estate and a garage business located thereon, claiming to have been employed by defendants to make the sale.   Defendants filed their motion to strike the amended complaint and dismiss the suit on the ground that plaintiff had violated chapter 96, par. 4, sec. 1, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 37.414(1)], which reads as follows:

"No person or persons shall hereafter conduct or transact business in this State under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the County Clerk of the County in which such person or persons conduct or transact or intend to conduct or transact such business, a certificate setting forth the name under which the said business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons owning, conducting or transacting the same, with post office

address or addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person or persons so conducting or intending to conduct said business.''

The trial court sustained the motion and dismissed the action, from which judgment for defendants plaintiff appeals.

The amended complaint alleges that plaintiff had a license from the State of Illinois and the City of Chicago as a real estate broker; that in the year 1941 he adopted and did business under the style and name of ''American Business Sales''; that on or about August 15, 1947, he made application under said statute for the addition to said trade name of the words ''and Realty'' to conform to the trade name he was employing, ''American Business and Realty Sales''; that coplaintiff, A. Goldrich, is also a licensed real estate broker; that on and prior to August 15, 1947, defendants employed plaintiffs as their brokers to effectuate the sale of said real estate; that on August 15, 1947, plaintiffs obtained a purchaser for said real estate; that defendants entered into a written contract for the sale of said real estate, a copy thereof being attached to said amended complaint; that defendants refused to consummate said contract and refused to pay plaintiffs the brokerage commission due them. Count II of the amended complaint alleges that on and prior to September 29, 1947, defendants employed plaintiffs as brokers and agents to sell their real estate and garage business; that pursuant to such employment they procured a purchaser, ready, able and willing to purchase upon the terms proposed by the defendants; and that defendants refused to sell to said purchaser and refused to pay plaintiffs their brokerage commission.

Attached to defendants' motion to strike the amended complaint, as an exhibit, is a letter addressed to the county clerk of Cook county, dated February 12, 1948, inquiring about the registration of the name

"American Business and Realty Sales," as required by the Business Registration Act of 1941, and when such registration, if any, was made. The reply of the county clerk, dated February 16, 1948, is also attached to said motion, and discloses that American Business and Realty Sales, Owner: A. C. Mickelson, was registered January 5, 1948, and Certificate No. 62422 issued for said registration.

The affidavits of plaintiffs were considered upon the hearing of the motion to dismiss. In neither affidavit of plaintiffs is the fact disputed that the registration, "American Business and Realty Sales," with the county clerk of Cook county was not had until January 5, 1948.

The question arises whether, at the time of the employment of plaintiffs by defendants to sell the real estate, there was such a violation of the statute referred to, as precludes the bringing of the action and the right to recover the brokerage commission. The first contract of sale, dated August 15, 1947, provided for the payment of the brokerage commission to A. Goldrich and American Business and Realty Sales. The second proposed contract of sale, dated September 29, 1947, provided for the payment of the brokerage commission to American Business and Realty Sales. A. Goldrich was not named in the second contract. The amended complaint seeks to recover a commission under the first contract as well as the second contract.

Paragraph 8, section 5, of the Act [Ill. Rev. Stat. 1947, ch. 96, par. 8; Jones Ill. Stats. Ann. 37.414(5)] provides a penalty for its violation of a fine or imprisonment in the county jail, or both. The prohibition against persons doing business as real estate brokers without a license (ch. 114½, par. 1, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 115.01]) and the same prohibition in the ordinance of the City of Chicago (ch. 113,

sec. 23, Municipal Code) is substantially in the same language as par. 4, sec. 1, referred to. Under both the State statute and City ordinance, it has been held that without a brokerage license and compliance with the statute and the ordinance, a broker could not recover any commission. *Douthart v. Congdon*, 197 Ill. 349; *Hendricks v. Richardson*, 233 Ill. App. 130; *In re Estate of Katz*, 329 Ill. App. 442 (Abst.).

The statute in question is one declaring a public policy of the State, inasmuch as it provides for a penalty for its violation and makes it unlawful to do business under an assumed name without compliance with the statute. The same rule announced in the cases cited, applicable to the failure of a real estate broker to obtain a license, and denying to him the right to recover a brokerage commission, applies with equal force to the instant case. The mere fact that A. Goldrich, coplaintiff, was independent of the American Business and Realty Sales does not alter the situation. A contract for brokerage commission, payable jointly to one who is a licensed broker and another who is doing business in violation of the statute, is not enforceable. This doctrine was clearly announced by this court in *In re Estate of Katz*, 329 Ill. App. 442 (Abst.).

The judgment of the circuit court is affirmed.

*Affirmed.*

Tuohy and Niemeyer, JJ., concur.