**Ben G. Franks, Trading as Kingston Manufacturing Company, Appellee, v. Coronet Novelty Company, Inc., Appellant.**

**Gen. No. 45,130.**

Heard in the second division of this court for the first district at the April term, 1950. Opinion filed June 2, 1950. Released for publication June 15, 1950.

COHON & GOLDSTEIN, of Chicago, for appellant.

No appearance, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Ben G. Franks, doing business under the name of Kingston Manufacturing Company, sold and delivered merchandise to defendant during the months of March, April, May and June, 1949, and claimed a balance

due from defendant of $77.95. The uncontradicted evidence shows that at the time of the transactions plaintiff had not registered under the Business Registration Act of 1941 (Ch. 96, par. 4, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 37.414 (1)]) and that he did not regis- ter until August 10, 1949. At the conclusion of plaintiff's evidence defendant made a motion for a finding for defendant upon the ground that plaintiff had violated par. 4, sec. 1, of the Business Registration Act of 1941, which reads as follows:

"No person or persons shall hereafter conduct or transact business in this State under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the County Clerk of the County in which such person or persons conduct or transact or intend to conduct or transact such business, a certificate setting forth the name under which the said business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons owning, conducting or transacting the same, with the post office address or addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person or persons so conducting or intending to conduct said business."

At the conclusion of defendant's case defendant renewed its motion and the court again denied it. Judgment was entered against defendant in the sum of $77.95, from which it appeals.

██ ██ Plaintiff has not filed an appearance nor a brief in this court. The sole contention of defendant is that "a person doing business under an assumed name may not enforce contracts entered into prior to his registering under the Business Registration Act of 1941." Defendant cites in support of this contention

139

*Mickelson v. Kolb,* 337 Ill. App. 493, which clearly supports defendant's contention. In that case the Appellate court held (p. 497) that "The statute in question is one declaring a public policy of the State, inasmuch as it provides for a penalty for its violation and makes it unlawful to do business under an assumed name without compliance with the statute," and the Appellate court sustained the action of the trial court in dismissing the amended complaint and the suit on the ground that the plaintiff had violated the statute in question. In the instant case the trial court, in passing upon defendant's motion for a finding in its favor, assumed that the *Mickelson* case was directly in point, but he refused to follow it "because the Appellate court in that case did not pass on the question of constitutionality of the Act involved," and the trial court was of the opinion that the Act in question was unconstitutional because it conflicted with Article II, Section 2, of the Constitution of the State of Illinois. If plaintiff desired to defend the ruling of the trial court that the Act was unconstitutional he should have entered an appearance in this court and made a motion to have the cause transferred to the Supreme court. He did not do so. He had a right, of course, to waive or abandon the constitutional question. In any event, no constitutional question is raised in this court and, therefore, we would not be warranted in transferring the cause to the Supreme court of our own motion.

██ ██ We hold that the trial court erred in denying the motion of defendant for a finding in its favor.

The judgment of the Municipal Court of Chicago is reversed.

*Judgment reversed.*

FRIEND, P. J., and SCHWARTZ, J., concur.