495 P.2d 475

**John LIMBEROPOULOS and Joyce Limberopoulos, his wife, Appellants,**

v.

**TOM FANNIN AND ASSOCIATES, an Arizona corporation, Appellee.**

**No. I CA–CIV 1572.**

Court of Appeals of Arizona,
Division 1,
Department B.

April 3, 1972.
Rehearing Denied May 2, 1972.
Review Denied June 20, 1972.

Christakis & Andersen by Joe V. Andersen, Phoenix, for appellants.

Bonn & Anderson by Donald E. Anderson, Phoenix, for appellee.

EUBANK, Judge.

This appeal is from a summary judgment awarding the plaintiff (appellee) its real estate broker's commission based on an express written "listing agreement" with the defendants. The main question raised is whether a genuine issue of material fact existed which would preclude the trial court from granting the summary judgment. De-

fendants contend that there is such an issue and the plaintiff denies it.

The undisputed facts show that on October 25, 1969, the defendants executed a listing agreement for the sale of their real property located at 26 North Lindsay Road, Mesa, Arizona, with the plaintiff which, after describing the real property, asking price and terms, provided, in part:

"(THIS CONTRACT WILL BE FOR THE PERIOD OF 48 HRS ESCLUSIVE [sic] SHOWING TO MR. & MRS. BEN SATRAN        FROM ABOVE DATE)

\*    \*    \*    \*    \*    \*

In consideration of your acceptance of the terms of this listing, and your promise to endeavor to effect a sale of this property, I or we, as· owners, appoint you, as a licensed Real Estate Broker, with the sole and exclusive right to sell, to present any offer you may receive, or to exchange  .  .  .  .  This contract to continue until 48 HRS, 1969; and I or we agree to pay you a commission of 6% of the above price, or any lesser price which I or we accept, or in the event you or any agent produce a purchaser in accordance with the above terms and conditions or in the event a sale is made by me or us, or through any other agent during the term of this exclusive listing, or within 90 days after the expiration of. said period a sale is made to any person to whom the property has been shown by you  .  .  .  ."

A salesman for the plaintiff showed the listed property to Mr. and Mrs. Ben Satran, introduced them to the defendant, and within the 48-hour period presented two offers by the Satrans to the defendants, both of which were rejected. After the 48-hour exclusive showing period had expired, the defendants entered into an agreement to sell the listed real property to the Satrans for $44,000.[1] This sale was made within the listing agreement time period, ".  .  . 90 days after the expiration of said period

a sale is made to any person to whom the property has been shown by you  .  .  .  ."

■ Defendants first contend that the listing agreement is ambiguous in that the handwritten clause, "(THIS CONTRACT WILL BE FOR THE PERIOD OF 48 HRS ESCLUSIVE [sic] SHOWING TO MR. & MRS. BEN SATRAN FROM ABOVE DATE)", conflicts with the 90-day provision for a sale made to a person shown the property by the plaintiff. We disagree.

■ Reading the provisions of the agreement from its four corners in order to ascertain the intention of the parties, it is our opinion that the provisions are not in conflict, do not create an ambiguity, but to the contrary are patently clear. It provides the plaintiff with a 48-hour exclusive listing to show the defendants' real property to the Satrans for the purpose of consummating a sale of the real property. · The "90 day" provision was intended to protect the broker's efforts to sell the property and to prevent exactly what happened here. After the expiration of 48 hours the defendants were free to sell their property to anyone else in the whole world except the Satrans, and they could have sold to them without paying the commission after 90 days had expired. Since the construction of a written agreement involves questions of law or mixed questions of law and fact, T. D. Dennis Builder, Inc. v. Goff, 101 Ariz. 211, 418 P.2d 367 (1966) ; Schuldes v. Wubbolding, 15 Ariz.App. 527, 489 P.2d 1229 (1971), we hold that no ambiguity existed in the listing agreement and that no issue of a material fact is raised · by this contention.

■ However, defendants contend that their affidavits filed under Rule 56 (c), Rules of Civil Procedure, 16 A.R.S., raise an issue of material fact. Each defendant filed an affidavit in which they admitted signing the 48-hour exclusive listing agreement with the plaintiff, but alleged that plaintiff's agent told them that they

---

1. The highest offer presented by the plaintiff was for $42,000.

could ignore the 90-day clause. Contrariwise the deposition of the plaintiff's agent denies that he said any such thing. Since the defendants' evidence is parol evidence designed to vary the terms of the written agreement, it would not be admissible as evidence unless it comes within an exception to the parol evidence rule. 7–G Ranching Co. v. Stites, 4 Ariz.App. 228, 419 P.2d 358 (1966). Defendants contend that it is admissible to clarify the ambiguity claimed and discussed heretofore. Since we have held that there is no ambiguity, as a matter of law, this contention must fail. Our Supreme Court said in Carrillo v. Taylor, 81 Ariz. 14, 299 P.2d 188 (1956):

"[17–21] It is fundamental that the parol evidence rule is a doctrine of substantive law and not merely an exclusionary rule of evidence. 32 C.J.S., Evidence, § 851; In re Gaines' Estate, 15 Cal.2d 255, 100 P.2d 1055. Its purpose is to lend stability to integrated written expressions of intent in transactions by the process of excluding facts tending to vary, controvert or add to the expressed, unambiguous meaning of the parties thereto." (81 Ariz. at 26, 299 P.2d at 196).

*See also,* Richards Development Co. v. Sligh, 89 Ariz. 100, 358 P.2d 329 (1961); Cf., Merritt v. Walter Pocock Associates Brokers, Inc., 105 Ariz. 392, 465 P.2d 585 (1970).

■ Defendants' contention must also fail on another basis. Rule 8(d), Rules of Civil Procedure, 16 A.R.S., *requires* that defendants' defense be "set forth affirmatively" in their answer and that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . . ." (Rule 9(b)) or they are waived (Rule 12 (i)). Defendants' pleadings fail to raise the affirmative defense, and consequently even if the evidence had been admissible the defense was waived. Huish v. Lopez, 70 Ariz. 201, 218 P.2d 727 (1950).

■ Defendants also allege that plaintiff failed to perform a condition of the contract and hence, as a matter of law, he is not entitled to judgment. Rule 56(e), Rules of Civil Procedure, 16 A.R.S. requires that these facts be affirmatively shown by defendants in their affidavits. We have searched the affidavits, deposition, and pleadings and find that there is no reference made to this contention. Thus, defendants are precluded from asserting this matter on appeal.

Judgment affirmed.

HAIRE, C. J., and JACOBSON, J., concur.