500 P.2d 1128

**HYDE PARK–LAKE PARK, INC.,**
a corporation, Appellant,

v.

**TUCSON REALTY & TRUST COMPANY,**
a corporation, Appellee.

**No. 2 CA–CIV 1150.**

Court of Appeals of Arizona,
Division 2.

Sept. 12, 1972.

Rehearing Denied Oct. 11, 1972.

Review Denied Nov. 14, 1972.

Miller, Pitt & Feldman, P. C., by David J. Leonard, Tucson, for appellant.

Robertson, Molloy, Fickett & Jones, P. C., by Gerard R. O'Meara and Alan Silverman, Tucson, Richard M. Davis, Tucson, of counsel, for appellee.

HOWARD, Judge.

This is an appeal from a summary judgment in favor of the appellee, plaintiff below, in a suit to recover a real estate broker's commission from appellant, defendant below. Defendant contends that the existence of genuine material factual issues precluded the granting of summary judgment in plaintiff's favor.

The procedural chronology is as follows. Plaintiff filed its complaint alleging that, by virtue of two documents appended thereto, it was entitled to a commission and reasonable attorneys' fees occasioned by defendant's refusal to pay the commis-

sion. This pleading did not contain an allegation that plaintiff was a licensed real estate broker. Subsequently, however, an amended complaint was filed which in all respects was the same as the initial complaint with the exception that Paragraph I thereof included an allegation that the plaintiff was a licensed real estate broker.

The defendant's responsive pleading to the original complaint admitted the allegations of Paragraph I of the complaint, the execution of the exclusive listing agreement appended to the complaint, and denied all other allegations not specifically admitted. No answer to the amended complaint was filed.

Requests for Admissions were served upon defendant and the responses thereto established the fact that during the period of the listing agreement the defendant received an offer to purchase the property described in the listing agreement from one Jack Maslin. The defendant also admitted the sale of the property to Jack Maslin and that he was the same person "whose name had been submitted in writing during the term of the listing."

The plaintiff moved for summary judgment on the grounds that there existed no material issues of fact and that it was conclusively established that plaintiff was entitled to judgment. In opposition to the motion, the defendant contended in essence that there were factual issues precluding summary judgment. It argued that the facts were not as simple as plaintiff made them out to be, to wit that it and defendant had entered into an exclusive listing agreement, that during the term of this agreement plaintiff showed the property to Maslin, and that during the term of the listing agreement, the defendant sold the property to Maslin through another broker. No controverting affidavit was submitted in support of the opposition. After hearing oral argument on the motion, the court granted summary judgment in favor of the plaintiff in the sum of $3,370 as real estate commission and the sum of $1,100 as attorneys' fees.

The defendant filed opposition to the form of judgment. Two bases for opposition were directed to the amounts awarded. Defendant pointed out that the sum of $3,370 was erroneously computed in that it was based upon the Maslin offer submitted by the plaintiff rather than upon the actual purchase price of the property and that no testimony had been presented as to either the reasonableness of or the obligation to pay attorneys' fees. In reply thereto, plaintiff conceded the validity of this attack on the amounts awarded and requested the court to grant a partial summary judgment on the issue of liability and set a time for hearing to determine the amount of damages and the reasonableness of attorneys' fees.

By order of the court, a date for hearing was set which was subsequently vacated pursuant to stipulation of the parties. The parties also stipulated to an order "that plaintiff file affidavits relating to damages and attorneys' fees." In accordance with this order, plaintiff submitted a true copy of the affidavit of value on file in the Department of Property Valuation, showing that $48,500 was paid for the subject property. An additional affidavit of a local, practicing attorney was filed in which the attorney stated that he had reviewed the file and time records kept by plaintiff's attorney, that in his opinion the $1,500 prayed for was fair and reasonable for the services rendered, that no other compensation had been or would be received for these services, and that the sum of $1,100 previously awarded by the court was a reasonable fee. The court then ordered defendant to pay the sum of $3,310 as the commission due and the sum of $1,100 for attorneys' fees. Defendant subsequently filed a "Motion for Relief from Judgment" based on grounds not pertinent to this appeal.[1] The sufficiency of plaintiff's doc-umentary proof of damages and attorneys' fees was not challenged.

■ On appeal, defendant contends that the uncontested facts were insufficient to sustain summary judgment and/or were insufficient to establish that plaintiff was entitled to judgment as a matter of law. The provision of the listing agreement which controls states:

"This contract is to remain in full force and effect and be irrevocable by me or us to and including the 5th day of March, 1970 and I or we agree to pay you a commission of _*_ of the above gross price or any lesser price agreed to by me or us, or the same percentage of the reasonable value of any property accepted by me or us in exchange for said property (1) in the event you procure a bona fide offer from a purchaser ready, willing and able to purchase said property at the price and upon the terms aforesaid; or (2) in the event a sale or exchange is made by me or us directly or through any other agent or through any other source or whether said property to be transferred, conveyed, leased, or withdrawn from sale without your written approval or (3) in the event a sale or exchange is made within 90 days after the expiration of this listing contract to any person to whom the property has been shown by you or any member of said Service with my knowledge, or whose name has been submitted to me in writing during the term of this listing."[2]

The defendant admitted the execution of this contract, that it had received an offer from Maslin prior to March 5, 1970, and that this was the same Maslin who had ultimately purchased the property. Plaintiff established the fact that the sale to Maslin took place within 90 days after expiration of the listing agreement. The agreement further provided that in the event of defendant's failure to pay the commission

---

1. Since other claims were still pending in this suit, the court entered a Rule 54 (b), 16 A.R.S. "express determination and direction" thus giving the judgment the imprimatur of finality for appeal purposes.

2. The asterisk refers to 10% on the first $10,000, and 6% on the balance.

prescribed therein and counsel was employed to effect a collection thereof, it agreed to pay reasonable counsel fees.

The contract provision as to commission is clear and unambiguous and defendant thereby bound itself to pay to plaintiff the specified commission in the event the sale was made within 90 days after expiration of the exclusive listing agreement to a party whose name had been submitted to defendant in writing during the term of the listing agreement. It is undisputed that a written offer by Maslin had been submitted to defendant during the term of the listing. There is also no question but that defendant had failed to pay the prescribed commission and that counsel was employed to effect collection thereof. On this state of the record, the trial court did not err in ruling that, as a matter of law, the defendant had breached its agreement and was liable for payment of commission and attorneys' fees.

■ Defendant, however, argues that despite the plaintiff's factual showing, it had failed to show that it was the "procuring cause" of the sale and that it was a licensed broker. As to the "procuring cause" contention, we believe the following quotation from Nichols v. Pendley, 331 S.W.2d 673 (Mo.App.1960) is appropriate:

"Here the action was based on a contract. Regardless of the soaring language sometimes used by the courts in respect to 'procuring cause,' the right to compensation must be governed by the contract. This contract did *not* make the commission dependent upon the 'procuring cause' but upon the fact that the broker 'submitted' the property to the person who bought. . . .

There is a rule of construction which is that, if possible, meaning should be given to every word and phrase of a contract, and we cannot ignore the clause in respect to payment of commission on sale made 'to anyone to whom said property was submitted.' There are numerous cases in the books in which there was dispute as the [sic] whether the broker had earned his commission by procuring a purchaser although the actual sale was not consummated until after the contract. These cases necessarily raise various questions: whether the service was substantially completed during that period; whether there was fraud or interference on the part of the seller; whether the broker was the 'procuring cause'; whether the right to compensation was in fact conditional upon completion of the sale before the contract date; and whether the owner waived the contract time limit. Is it not apparent that the parties wished to avoid possibility of such questions and disputes by fixing the conditions under which the compensation would be payable, and therefore agreed upon the provision for payment if the property had been submitted to a purchaser during the specified period? If we say that the broker must *still* have been the 'efficient procuring cause,' we have at the outset partially sterilized the word 'submitted' and robbed it of a part of its meaning, and we have read into the contract a clause or condition which does not exist. To this we cannot agree." 331 S.W.2d at 676.

*See also* Annot., 27 A.L.R.2d 1348, § 8, p. 1408, for other cases upholding a broker's right to commission under similar contractual provisions as to payment of commission on a sale within a specified time after termination of the contract.

■ Defendant also contends that plaintiff failed to demonstrate that it was a licensed real estate broker. It is true that A.R.S. § 32–2152 requires pleading and proof of the licensed status as a prerequisite to maintaining an action for commission. Defendant however overlooks the fact that its answer on file, upon which it relies as a responsive pleading to the amended complaint, specifically admits the allegations of Paragraph I thereof, a paragraph which pleads the licensed status.

Under these circumstances, further proof was unnecessary. Standage v. Tarpey, 8 Ariz.App. 342, 446 P.2d 246 (1969).

■ We summarily reject defendant's attack on the sufficiency of the affidavit presented with respect to legal fees. No objection was made to the trial court that the affidavit did not satisfy the requirements of Rule 56(e), Ariz.R.Civ.P., and therefore appellate consideration is foreclosed. Wells-Stewart Construction Co. v. General Insurance Co., 10 Ariz.App. 590, 461 P.2d 98 (1969).

■ Plaintiff has requested reasonable attorneys' fees on appeal. It is appropriate for this court to determine the amount, Lawrence v. Valley Nat'l Bank, 106 Ariz. 455, 478 P.2d 79 (1970), and we therefore fix the amount of plaintiff's attorneys' fees in this court at the sum of $1,000.

It is ordered that the plaintiff be, and it is hereby awarded judgment against the defendant in the additional sum of $1,000.

The judgment in all other respects is affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.