544 P.2d 998 (1975)
HORTON-CAVEY REALTY COMPANY, Plaintiff-Appellant,
v.
William T. SPENCER, Defendant-Appellee.
No. 74-563.
Colorado Court of Appeals, Div. III.
November 13, 1975.
Rehearing Denied November 28, 1975.
Certiorari Denied January 19, 1976.
*999 West & Weaver, P. C., Paul G. West, Denver, for plaintiff-appellant.
Tinsley, Frantz, Fleming & Davidson, P. C., William S. Fleming, Lakewood, for defendant-appellee.
Selected for Official Publication.
PIERCE, Judge.
Plaintiff, Horton-Cavey Realty Company (Horton-Cavey), appeals from a judgment denying it a broker's commission on the sale of certain real estate. We affirm.
Horton-Cavey and the defendant, William Spencer, entered into an exclusive listing agreement pertaining to real estate owned by Spencer. This agreement set forth detailed provisions pertaining to the sale of property, and further provided that Spencer, as owner, would pay to Horton-Cavey a commission under the following circumstances:
"(1) in case of any sale or exchange of same within said listing period by the undersigned owner, the said broker, or by any person, or (2) upon the said broker finding a purchaser who is ready, willing and able to complete the purchase as proposed by the owner, or (3) in case of any such sale or exchange of the said property within the 180 days subsequent to the expiration of this agreement to any party with whom the said broker negotiated and whose name was disclosed to the owner by the broker during the listing period."
At some time after the listing agreement had been signed, Mr. Bowman, an agent of Horton-Cavey who was attempting to effect a sale, was advised by Mrs. Spencer that the Spencers had been contacted by a Mr. Robinson prior to execution of the listing agreement, and she suggested that Bowman contact him. Bowman did so. In the ensuing weeks several written offers were submitted to Spencer by Bowman from Robinson, but a satisfactory agreement was not reached and no sale was consummated with Robinson, nor with any other prospective purchaser within the initial listing period.
Within the 180-day period following the expiration of the listing agreement, Spencer entered into a contract with Robinson for the purchase and sale of the subject property at a price which was less than that provided in the listing agreement but on terms more favorable than any of Robinson's previous offers submitted to the Spencers through Bowman. Horton-Cavey then made demand for a commission, and upon being refused, instigated this suit.
The trial court concluded that there was an ambiguity in the portion of the 180-day clause which states "any party with whom the said broker negotiated and whose name was disclosed to the owner by the broker during the listing period." The court resolved that ambiguity by construing it against Horton-Cavey, the party who had supplied the listing agreement, and further found that Horton-Cavey's efforts through Bowman had not been the procuring cause of the sale. Although we disagree with this reasoning, we find the result to be correct and affirm the judgment. See Metropolitan Indust. Bank v. Great Western Products Corp., 158 Colo. 198, 405 P.2d 944; Klipfel v. Neill, 30 Colo.App. 428, 494 P.2d 115.

I.
Horton-Cavey's right to recover a commission is dependent on the terms of the listing agreement. Scott v. Huntzinger, 148 Colo. 225, 365 P.2d 692. In regard to the 180-day period, the agreement does not condition the payment of the commission on the broker having been the procuring cause of the sale; hence, plaintiff need not show that it was the procuring cause in order to recover a commission here. See Delbon v. Brazil, 134 Cal.App. 2d 461, 285 P.2d 710; Galbraith v. Johnston, 92 Ariz. 77, 373 P.2d 587. Consequently, the trial court's finding that Horton-Cavey was not the procuring cause of the sale is irrelevant to a resolution of the claim.

*1000 II.
We find no ambiguity in the listing agreement. It provides that the broker will be paid a commission in the event that the property be sold within the 180-day period following the expiration of the listing term to any party with whom the broker "negotiated" and whose name was "disclosed to the owner by the broker during the listing period."
Words used in a contract should be generally accorded their plain and accepted meaning, Hammond v. Caton, 121 Colo. 7, 212 P.2d 845, subject to interpretation from the context and circumstances of the transaction. Kingsbury v. Riverton-Wyoming Refining Co., 68 Colo. 581, 192 P. 503. The key word in the 180-day clause is "disclose." In the context of the subject listing agreement and under the surrounding circumstances, we do not find the use of this word to be ambiguous. The plain and accepted meaning of "disclose" is "to make known that which before was unknown." Ballentine's Law Dictionary p. 353 (3rd ed. S. Arneson 1969). Thus, Horton-Cavey did not "disclose" to defendant the name of the buyer, and it is not entitled to a commission on the sale.
While the result reached here might appear harsh, there is no evidence in this record of any overreaching on the part of the seller or any mutual mistake or other disabling factor which would relieve either of these parties from this agreement, which was apparently made at arms-length and was supplied by the party which now seeks to avoid its terms. Hence, we must enforce the contract as it was written. See Sedalia Land Co. v. Robinson Brick & Tile Co., 28 Colo.App. 550, 475 P.2d 351; and Hyde Park-Lake Park, Inc. v. Tucson Realty & Trust Co., 18 Ariz.App. 140, 500 P.2d 1128.
Judgment affirmed.
STERNBERG, J., concurs.
Van CISE, J., dissents.
Van CISE, Judge (dissenting).
Although I agree with the underlying premises set forth in the majority opinion, and can accept its assertion that the "plain and accepted meaning of `disclose'" in the context of the instant contract provision is "to make known that which before was unknown," I do not agree with its conclusion therefrom that "Horton-Cavey did not `disclose' to defendant the name of the buyer, and it is not entitled to a commission on the sale."
The plain meaning of the contract provision at issue is that Horton-Cavey is to be entitled to a commission in the event of a sale to a purchaser whose name the broker made known to Spencer during the listing period as being a person with whom Horton-Cavey had negotiated. Thus, when Spencer received an offer from Robinson through Horton-Cavey, Robinson's name was "disclosed" for the first time to be one towards whom Horton-Cavey's sales afforts were being directed.
In the context of the listing agreement and the circumstances of the instant case, it is apparent that "[t]hat object of the contract provision here involved is to give notice to the owners of the names of those persons to whom they may not sell the property within the time specified in the contract without making themselves liable for the payment of the commission stated therein." L. W. Smith & Co. v. Romadka, 261 Wis. 374, 52 N.W.2d 797. The 180-day provision was intended to protect the broker's efforts to sell the property and to prevent exactly what happened here. See Galbraith v. Johnston, 92 Ariz. 77, 373 P. 2d 587. After the expiration of the listing period, Spencer was free to sell his property to anyone except Robinson and others with whom Horton-Cavey had negotiated with the knowledge of Spencer, and, after the 180 days had expired, a sale could even have been made to Robinson without paying the commission. See Limberopoulos v. Fannin & Associates, 17 Ariz.App. 35, 495 P.2d 475. But what happened here was not one of those permissible transactions.
*1001 Horton-Cavey complied with the provisions of the contract when it delivered the first offer to Spencer from Robinson, and Spencer became liable for the commission when he sold the property to Robinson within 180 days after the termination of the contract. The judgment for Spencer should be reversed, and the cause remanded with directions to enter judgment for Horton-Cavey in the amount of the commission specified in the contract.