604 P.2d 258

INSURANCE AGENCIES CO., an Arizona Corporation, dba Century 21 Action Realty, Appellant,

v.

Ivan S. WEAVER and Addie Weaver, husband and wife, Appellees.

No. 14173.

Supreme Court of Arizona, In Division.

Dec. 11, 1979.

Norman Rosenbaum, Phoenix, for appellant.

Waltz, Hayt & Mull, P. C. by John C. Mull, Sun City, for appellees.

GORDON, Justice:

Plaintiff Insurance Agencies Co. appeals from the trial court's order granting summary judgment in favor of defendants Ivan and Addie Weaver. Plaintiff claimed the

Weavers had breached a real estate listing agreement by not paying it a broker's commission after the Weavers sold their property through another broker. We must decide on this appeal whether the trial court correctly granted summary judgment for the defendants and, if it did, whether attorney's fees were properly awarded. Taking jurisdiction pursuant to Rule 19(e), 17A A.R.S., Rules of Civil Appellate Procedure, we hold that summary judgment should not have been granted, and we reverse.

It is undisputed that on September 15, 1976, the parties signed a written listing agreement and that between September 15 and September 30, 1976, the Weavers sold their home through another broker. The complaint alleges that, for the period between September 15 and September 30, the agreement created an "agency listing." An agency listing is alleged, "under the custom and practice of the real estate profession," to entitle the broker to one-half the stated commission in the written agreement if the property is sold through another broker during the term of the listing. The prayer for relief asks for damages and a declaratory judgment that the agreement "constitutes an exclusive agency contract." An exclusive agency listing, plaintiff contends, would permit recovery of a commission if another broker sold the property but not if the owner sold it without any broker.

It is not clear whether plaintiff's theory is that an agency listing is synonymous with an exclusive agency listing or that it is a separate type of listing. The complaint, read in its best light, does state that an agency listing creates a right to recover a commission for the sale of defendants' property. Defendants, in their unverified amended answer, deny that an agency listing entitles the broker to receive any commission in this situation. Moreover, defendants asserted in their answer that plaintiff made representations to them that an agency listing was the same as an open listing, allowing defendants to sell their property through other brokers without paying plaintiff any commission.

Defendants supported this last contention with an affidavit, signed by Ivan Weaver, which was attached as an exhibit to defendants' response to plaintiff's post-hearing memorandum. As a general rule, if plaintiff merely rests on his pleadings when defendants support a motion for summary judgment with an affidavit alleging specific facts, plaintiff risks a finding by the court that the facts stated in the affidavit negate the existence of a genuine material factual dispute and that summary judgment is appropriate. 16 A.R.S., Rules of Civil Procedure, Rule 56(e); *Northern Contracting Co. v. Allis-Chalmers Corp.*, 117 Ariz. 374, 573 P.2d 65 (1977). We do not believe, however, that under the circumstances of this case, plaintiff should be penalized for not responding to Ivan Weaver's affidavit.

The minute entry of the trial court for the hearing on defendant's motion for summary judgment only indicates that plaintiff was ordered, at the hearing, to file a memorandum within five days. There was no order that either party should file any further supporting documents, and plaintiff could not have expected Ivan Weaver's affidavit. At the time that affidavit was filed, plaintiff had already submitted everything that the court had required of him. Under these circumstances, in considering defendants' motion for summary judgment, the trial court should not base its decision on the affidavit attached to defendants' post-hearing responsive memorandum. The only pertinent document before the court was a copy of the listing agreement.[1]

The question is whether the pleadings and the listing agreement reveal that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law. 16 A.R.S., Rules of Civil Procedure, Rule 56(c). We believe that question should be answered in the negative.

The listing agreement was a printed form supplied by plaintiff, which, in its unaltered

---

1. Defendants had also filed a copy of a letter, dated November 3, 1976, sent by plaintiff's attorney. The letter claimed that the Weavers had breached an exclusive agency employment contract with plaintiff by selling their property through another broker.

state, would create what it called an exclusive listing. By its terms, the broker would earn the stated commission if he produced a purchaser himself, if the property were sold through any other broker, or if the owner sold the property directly without any broker. This form was altered by the parties.

In the title, which had read "Exclusive Authorization To Sell," the word "Exclusive" was crossed out and the word "Agency" was substituted for it. In the section of the contract labeled "Remarks," the following statement appears: "This is an agency listing till September 30, 1976. Beginning October 1, 1976 (90 day) to December 30, 1976, Exclusive." However, the language in the contract stating that the broker would earn his commission no matter who sold the property was left unaltered.

The meaning of "Agency Listing," certainly a material fact in this case, cannot be discerned from the contract itself. It is clear that from September 15 to September 30, 1976, the parties contemplated something other than an exclusive listing. Plaintiff claims that "agency listing" means an exclusive agency listing or at least that it is a type of listing entitling it to a commission if the property were sold by another broker. Defendants contend that "agency listing" means an open listing. The intent of the parties must be determined at trial.

Defendants argue that brokers' listing agreements should be strictly interpreted and that plaintiff should be denied recovery as a matter of law. For this proposition defendants first cite cases denying recovery because of non-compliance with the Statute of Frauds, A.R.S. § 44–101(7). The Statute of Frauds was not asserted as an affirmative defense below and cannot be raised here. 16 A.R.S., Rules of Civil Procedure, Rules 8(d) and 12(i). *See Limberopoulos v. Tom Fannin and Associates*, 17 Ariz.App. 35, 495 P.2d 475 (1972).

Defendants also cite *Hearrold v. Gries*, 115 Ariz. 560, 566 P.2d 1036 (1977) and *Olson v. Neale*, 116 Ariz. 522, 570 P.2d 209 (App.1977). *Hearrold* held that a broker could not recover a commission for a sale to a buyer originally procured by the broker when the sale was consummated after the expiration of the listing agreement, because the contract did not expressly provide for this. *Olson* merely held that a broker could not claim that the property owner had waived, by his conduct, the termination date of a written listing agreement. Both *Hearrold* and *Olson* say that a broker cannot claim rights not specified in a written agreement. Plaintiff in the instant case is claiming a right under a term of the contract. It is the meaning of that term which is at issue.

Defendants also argue that since the agreement was not an exclusive listing agreement it must be non-exclusive. Defendants then cite cases explaining the rights of brokers under non-exclusive agreements. The problem with this contention is that the parties did more than state that the listing was not exclusive. They said it was an "agency" listing. We cannot, as a matter of law, say what this term means.

Finally, defendants state the rule of interpretation that an ambiguous contract should be construed against the party who drafted it. *E. g., Morgan v. Golder*, 8 Ariz. App. 438, 446 P.2d 948 (1969). However, this rule "is a secondary rule of construction to be applied only if the meaning remains uncertain after the application of * * * primary standards * * *." *Polk v. Koerner*, 111 Ariz. 493, 495, 533 P.2d 660, 662 (1975). One primary standard is the surrounding circumstances at the time the contract was made. *Polk v. Koerner, supra.* This is a factual matter and requires a trial.

The judgment of the trial court is reversed, the order granting summary judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.