635 P.2d 1224

**RED CARPET–BARRY & ASSOCIATES, INC., an Arizona corporation, Plaintiff/Appellant,**

v.

**APEX ASSOCIATES, INC., a Nevada corporation, and Bruce Redding and Carole Redding, husband and wife, Defendants/Appellees.**

2 CA–CIV 3914.

Court of Appeals of Arizona, Division 2.

July 31, 1981.

Rehearing Denied Sept. 9, 1981.

Review Denied Oct. 6, 1981.

Stompoly & Even, P.C. by Barry Kirschner, Tucson, for plaintiff/appellant.

Hirsch & Lindamood, P.C. by W. James Harrison, Tucson, for defendants/appellees.

## OPINION

BIRDSALL, Judge.

Appellant, a licensed real estate broker, brought this action against appellees alleging that it was entitled to a commission of $50,000 based on a letter contract which was made a part of its complaint. The appellees responded by a motion to dismiss for failure to state a claim. The motion alleged that the written agreement was unenforceable because it contained no expiration date. The trial court agreed and dismissed the complaint.

On appeal we must decide the following questions:

1) Are new rules of the state real estate department effective after the date of the contract applicable?

2) Does the contract violate the applicable rules therefore making it unlawful and unenforceable?

3) Is the contract a listing agreement to which the rules are applicable?

We find that the trial court properly dismissed the complaint and affirm.

A motion to dismiss should not be granted unless it appears certain that the plaintiff would be entitled to no relief under any state of facts susceptible of proof under the claim stated. *Folk v. City of Phoenix*, 27 Ariz.App. 146, 551 P.2d 595 (1976). In reviewing the propriety of an order granting a motion to dismiss, we must consider all the facts alleged in the complaint as true. *Hatch v. Double Circle Ranch*, 22 Ariz.App. 124, 524 P.2d 958 (1974).

Appellant alleged that it was a licensed broker at all pertinent times, that appellee Bruce Redding on behalf of himself, his wife, and Apex Assoc., Inc. entered into a contract with appellant on July 16, 1979 in which he agreed to pay appellant a commission of $50,000 if certain described property was sold to Ron Clark, that the property had been sold to Clark on March 3, 1980, that appellant had performed every condition of the contract, and that appellees refused to pay the $50,000. Appended to the complaint was the following exhibit which was referred to as the parties' contract:

"July 16, 1979

Bruce Redding

P. O. Box 17420

Tucson, Arizona 85731

RE: Approx 10 acres
located at the SE
corner of Park &
Irvington        .

Dear Sir:

Per our telephone conversation of today, I would like to register with you potential buyers, developed by my company Red Carpet Barry & Associates, Inc. These potential buyers are:

Steve Birdman and/or Ron Clark and any and all corporate or partnership entities they may have interest in/as of 7/16/79–BR

In the event a sale is consumated with the above parties, on the above mentioned property, you agree to pay Red Carpet Barry & Associates, Inc. a commission of $50,000. Please acknowledge your acceptance of these terms by signing the enclosed copy of this letter and return

it to our office in the enclosed self addressed envelope. . . ."

Mr. Redding apparently signed the copy.

■ Effective May 1, 1980, the rules of the real estate department were amended, and as amended A.C.R.R. R–4–28–19 now provides, in part, that real estate listing agreements for property used for commercial or agricultural purposes need not be in writing. The complaint in this case was filed July 15, 1980 after the effective date of the new rule. Assuming this was property used for commercial purposes, if the new rule applies, then it was not necessary that the contract be in writing and contain an expiration date. However, the new rules contained a savings clause. A.C.R.R. R–4–28–46. This clause repeals the existing rules but reserves to the commissioner the right to subsequently discipline a licensee because of conduct in violation of the prior rules which occurred during the effective period of those rules. Therefore, the appellant, a licensed real estate broker, who made this contract without an expiration date, was acting in violation of the rule in effect at that time and he was subject to discipline for this conduct.

Appellant argues that we should apply the new rules and refers us to our decision in *American Savings Life Insurance Co. v. Financial Affairs Management Co., Inc.*, 20 Ariz.App. 479, 513 P.2d 1362 (1973). There we held that where a contract was usurious when made but no longer usurious because of the amendment to the statute, the amended law was controlling. The legislative enactment amending the usury statute contained no savings clause and for that reason the interest provision involved was no longer illegal. In the instant case, to hold that the contract was not illegal would be anomalous since the broker could still be punished for his violation of the rule.

■ Turning now to the second issue we agree with the following statement of Division One of our court in *Olson v. Neale*, 116 Ariz. 522, 570 P.2d 209 (App.1977):

"... the public policy of this State is that brokers, in order to collect a commission, must have a written listing, that the listing must contain a definite expiration date, and the listing agreement shall be deemed to cancel automatically on that date." *Id.* at 525, 570 P.2d at 212.

Since the listing agreement in that case did contain a definite expiration date which had expired, the issue before the court involved an attempt to recover a sales commission after the expiration date. The court's holding, therefore, was that a valid listing agreement must be in effect in order to recover a commission for the sale of real estate and is not controlling here.

Although the quoted statement is dicta, it is nevertheless a proper statement of the law. The rules and regulations of the real estate department have the force and effect of law. *See Herzberg v. David*, 27 Ariz. App. 418, 555 P.2d 677 (App.1976). A.R.S. § 32–2122(A) provides that it shall be unlawful for any person to act as a real estate broker without first securing a license and *otherwise complying with the provisions of chapter 32.* The Arizona courts have enforced these provisions. *Realty Executives, Inc. v. Northrup, King & Co.*, 24 Ariz.App. 400, 539 P.2d 514 (1975); *Farragut Baggage & Transfer Co. v. Shadron Realty, Inc.*, 18 Ariz.App. 197, 501 P.2d 38 (1972). The purpose of the statutes is to regulate the conduct of real estate activities so the public may be protected. *Arizona State Real Estate Dept. v. American Standard Gas & Oil Leasing Service, Inc.*, 119 Ariz. 183, 580 P.2d 15 (App.1978). The rules of the real estate department at the time this contract was made require that all real estate listings be in writing and that each listing agreement have a definite expiration date. Former A.C.R.R. 4–28–15. Since this rule is applicable to this contract, then the contract cannot be enforced since it is unlawful. This was the basis for the ruling of the trial court with which we agree.

■ Finally, appellant argues the agreement is a finder's fee contract and not a listing agreement and the rules do not apply at all. If the contract is not a listing agreement, then the rules of the real estate department did not make it illegal. The rules in effect at that time defined a listing agreement as "a contract for the personal services of the licensee". Former A.C.R.R.

R4–28–15. A like judicial definition is found in *James v. Hiller*, 85 Ariz. 40, 330 P.2d 999 (1958).

Although the agreement here does not require the future performance of personal services, it is obvious that personal services have been performed by appellant. The services clearly involved traditional brokerage activities. We find that this contract was a listing agreement which should be subject to the rules and regulations controlling the activities of real estate brokers. The appellant should not be able to avoid the necessity of a written listing agreement with a definite expiration date by labeling the agreement a finder's fee contract. *See Alford v. Raschiatore*, 163 Pa.Super. 635, 63 A.2d 366 (1949). Our research discloses a split of authority on the question of the necessity of compliance with licensing requirements to recover a "finder's fee". Annot., 24 A.L.R.3d 1160, 1172–74 (1969). Some cases which hold that compliance is not necessary distinguish the activities performed by the claimant from those involving actual brokerage services, i. e., producing a buyer or seller. *See C. B. Snyder Realty Co. v. Sherrill-Noonan, Inc.*, 261 F.2d 269 (3rd Cir. 1958). We are persuaded to follow those cases requiring compliance since we believe that the extensive statutory regulation of the activities of real estate brokers in Arizona, the comprehensive rules and regulations adopted by the real estate department, and the decisions of our courts indicate strongly that the interest of the public should be paramount.

Appellant urges that we consider this contract to be a protective clause within the exception stated in *Mohamed v. Robbins*, 23 Ariz.App. 195, 531 P.2d 928 (1975). In *Mohamed* there was a valid real estate listing contract with an expiration date. The agreement contained a protective clause which provided that the commission would be paid if the property was sold to any person with whom the broker was negotiating upon expiration of the listing. There was no time period specified as to the duration of that clause and it was held that the law implied a reasonable time. Appellant overlooks the fact that in *Mohamed* there was a listing agreement which satisfied all the requirements of the rules of the real estate department as well as the statute of frauds. Unlike *Mohamed*, the case before us does not involve a previous written agreement employing the appellant as a broker to procure a purchaser for the real property.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.