NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DAVID NOVAK, *Plaintiff/Appellant,*

*v.*

PAUL PENZONE, et al., *Defendants/Appellees.*

No. 1 CA-CV 19-0129
FILED 12-10-2019

Appeal from the Superior Court in Maricopa County
No.  CV2017-055923
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

COUNSEL

David Novak, Fountain Hills
*Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Christine B. Stutz
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge Jennifer M. Perkins joined.

**M c M U R D I E**, Judge:

¶1   David Novak appeals from the superior court's order entering judgment for and dismissing his action against Maricopa County Sheriff Paul Penzone, Maricopa County Sheriff's Office Deputy S. Bowers, and Maricopa County Sheriff's Office Captain David Letourneau (collectively, the "Officers"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2   This case stems from an encounter between Deputy Bowers, Captain Letourneau, and Novak on November 7, 2016, which resulted in Novak receiving two citations for violating a provision of the Fountain Hills' code governing residential parking. Novak challenged the citations in the Fountain Hills Municipal Court. After a hearing, the municipal court found Novak violated the town code and fined Novak $260. After Novak appealed, the superior court affirmed the municipal court's ruling.

¶3   In November 2017, while his appeal from the municipal court was pending, Novak filed a civil complaint in the superior court alleging that the Officers had engaged in tortious misconduct during the encounter as they had no authority to issue the citations. Novak described his causes of action as "unlawful citations (arrest), harassment, defamation of character, retaliation[,] and [illegal] entrance of a U.S.[] mailbox in attempted service of Novak." He later recharacterized all but the defamation cause of action as a claim for abuse of process. Novak identified a question and a statement allegedly made by Captain Letourneau to a female tenant residing at Novak's home as the statements underlying his defamation claim. Captain Letourneau's allegedly defamatory question was whether the female tenant "felt safe" in Novak's residence, and his allegedly defamatory statement was that "other women were not safe at the residence."

¶4   At a scheduling conference in October 2018, the superior court judge presiding over the case disclosed that he had worked for the Maricopa County Attorney's Office for eight years ending in January 2004; he had worked only on criminal matters; and he did not know Sheriff Penzone. The judge then explained that he did not believe he was required to disqualify himself but asked the parties if they had any objection to him continuing to preside over the case. In response, Novak stated:

> My thoughts are this. I think, you know, you're being very
> upfront about, you know, certain situations, and it doesn't

sound to me like you would have any bias or prejudice one
way or the other. So, you know, I think we're okay there.

After discussing his concerns about the Maricopa County Superior Court presiding over a lawsuit involving Maricopa County employees with the judge, Novak further stated that "it doesn't sound like, to me, from what you said, that there's going to be any conflict of interest or anything."

¶5            The Officers subsequently moved for summary judgment on both the abuse of process and defamation claims, arguing, *inter alia*, that: (1) Novak had failed to produce any evidence to support the essential elements of either claim; (2) Captain Letourneau was entitled to qualified immunity regarding his allegedly defamatory statements under Arizona law; and (3) to the extent Novak raised any claim against Sheriff Penzone, he could not be held personally or vicariously liable for Deputy Bowers' and Captain Letourneau's allegedly tortious actions. In response, Novak filed a document entitled "Plaintiff's Objection to Defendant[']s Motion for Summary Judgment," in which he accused the Officers' counsel of lying to the court, repeated the allegations in the complaint, claimed he would call witnesses and present evidence at trial, and asserted he had a right to a jury trial. The superior court heard argument on the motion. During the argument, Novak again stated the Officers had no reason to issue the citations, witnesses would testify at trial to support his claims, and the sole purpose of the Officers' conduct was to harass him in retaliation for a prior lawsuit that settled in his favor. Novak failed to identify evidence in the record to support these arguments.

¶6            After taking the matter under advisement, the court issued a detailed ruling granting the motion for summary judgment in favor of the Officers on all claims. The court then entered a final judgment dismissing Novak's action with prejudice. Novak appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶7            Novak's opening brief appears to argue that: (1) the superior court judge who decided the Officers' motion for summary judgment had a conflict of interest with the Officers' counsel and the Maricopa County Attorney's Office generally, meaning the judge was biased towards the Officers, and should have *sua sponte* disqualified himself; and (2) the court erred by granting summary judgment in favor of the Officers. We address each argument in turn.

## A.     Novak's Judicial Bias Claim is Without Merit.

¶8         Novak argues the superior court judge who presided over the case was biased in favor of the Officers due to his prior employment with the Maricopa County Attorney's Office. Specifically, Novak claims that the judge had a conflict of interest and was biased because he "worked in the Maricopa County Attorney's Office with [the Officers' counsel] for 8 years" and that they "worked . . . in the same division . . . defending lawsuits against the Maricopa County Sheriff." Without citation to relevant legal authority or the record, Novak concludes the judge "was required by [the] judicial code to recuse himself from the case," and that "he stayed on the case so that . . . he could get rid of the lawsuit for his former employer."

¶9         We presume judges are impartial, and the party seeking disqualification "must prove bias or prejudice by a preponderance of the evidence." *State v. Carver*, 160 Ariz. 167, 172 (1989). "Bias and prejudice are evidenced by 'a hostile feeling or spirit of ill-will, or undue friendship or favoritism, towards one of the litigants.'" *In re Aubuchon*, 233 Ariz. 62, 66, ¶ 14 (2013) (quoting *State v. Myers*, 117 Ariz. 79, 86 (1977)). Also, the Arizona Code of Judicial Conduct provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." Ariz. R. Sup. Ct. 81, Code of Judicial Conduct Rule ("Judicial Rule") 2.11(A). This includes situations where the judge "served in governmental employment, and in such capacity participated personally and substantially as a lawyer . . . concerning the proceeding." Judicial Rule 2.11(A)(6)(b).

¶10        Novak has not cited to, nor our review of the record has revealed, a basis upon which the judge's impartiality might reasonably be questioned. The judge's prior employment with the Maricopa County Attorney's Office—more than a decade before the events underlying Novak's suit occurred and involving only criminal matters[1]—is a far cry from the situations requiring disqualification discussed in Judicial Rule 2.11. *See* Judicial Rule 2.11(A)(6)(b) (requiring recusal when judge's prior governmental employment involved personal and substantial involvement in the proceedings at issue); *see also, e.g., United States v. Dorsey*, 829 F.3d 831, 836 (7th Cir. 2016) (under statute nearly identical to Judicial Rule 2.11(A)(6)(b), former employment with United States Attorney's Office

---

[1]        The record contradicts Novak's statement that the judge worked with the Officers' counsel "defending lawsuits against the Maricopa County Sheriff."

insufficient to mandate judge's recusal absent actual participation in instant proceedings); *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995) (same); *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) (same).

**¶11**　　　　Nevertheless, the judge did precisely as Judicial Rule 2.11 advises; he disclosed the information on the record and gave the parties an opportunity to raise any concerns. Judicial Rule 2.11, cmt. 5 ("A judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification . . . ."). Novak offered no objection; indeed, he affirmatively stated that he did not believe the judge would be biased or prejudiced against him. Now, before this court, he offers no evidence to support his claims of bias and prejudice beyond the very disclosures he took no issue with before the judge ruled against him. The allegations do not survive scrutiny, and we will not address them further.

**B.　　　Summary Judgment Was Correct Regarding Novak's Claims.**

**¶12**　　　　Novak argues the court erred by granting summary judgment in the Officers' favor on his abuse of process and defamation claims because "there were in fact issues of material fact[] in dispute." We disagree.

**¶13**　　　　We review a grant of summary judgment *de novo* and view the evidence and reasonable inferences drawn from it in the light most favorable to the non-moving party. *BMO Harris Bank, N.A. v. Wildwood Creek Ranch, LLC*, 236 Ariz. 363, 365, ¶ 7 (2015). Summary judgment is appropriate when "the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "[A] party moving for summary judgment need merely point out by specific reference to the relevant discovery that no evidence existed to support an essential element of the claim." *Orme Sch. v. Reeves*, 166 Ariz. 301, 310 (1990). "If the party with the burden of proof on the claim or defense cannot respond to the motion by showing that there is evidence creating a genuine issue of fact on the element in question, then the motion for summary judgment should be granted." *Id.*

**¶14**　　　　Here, the Officers supported their motion with citations to relevant legal authority and a statement of facts accompanied by affidavits from both Deputy Bowers and Captain Letourneau. Ariz. R. Civ. P. 56(a) (the moving party must show both no genuine dispute of material fact and entitlement to judgment as a matter of law); Ariz. R. Civ. P. 56(c)(3)(A) (the moving party must set forth facts supporting the motion with citations to

record). The Officers thus carried their initial burden, and Novak was required to produce "in some form . . . proof by admissible evidence to establish a genuine dispute as to a material fact." *State ex rel. Corbin v. Sabel*, 138 Ariz. 253, 256 (App. 1983); *see also* Ariz. R. Civ. P. 56(e); *Orme Sch.*, 166 Ariz. at 310.

¶15        Novak produced no admissible evidence to oppose the summary judgment motion. In both his written response and at oral argument, Novak merely repeated the allegations contained within the complaint, asserted that evidence existed and would be presented at trial to prove his claims, and claimed he was entitled to take his case before a jury. His opening brief follows the same pattern. Conclusory assertions and assurances that evidence will be produced at trial are insufficient to survive a properly raised motion for summary judgment. Ariz. R. Civ. P. 56(e); *Florez v. Sargeant*, 185 Ariz. 521, 526–27 (1996) (conclusory affidavits "can neither support nor defeat a motion for summary judgment"); *Orme Sch.*, 166 Ariz. at 310; *Perez v. Tomberlin*, 86 Ariz. 66, 71 (1959) ("[I]f the party against whom a motion for a summary judgment is directed wants to stay in court he cannot withhold an appropriate showing until time of trial.").

¶16        "If [a] plaintiff merely rests on his pleadings when defendants support a motion for summary judgment with an affidavit alleging specific facts, [the] plaintiff risks a finding by the court that the facts stated in the affidavit negate the existence of a genuine material factual dispute and that summary judgment is appropriate." *Ins. Agencies Co. v. Weaver*, 124 Ariz. 327, 328 (1979). By failing to support his claims, Novak was unable to meet his burden to establish a genuine dispute as to a material fact or to undermine the Officers' showing that they were entitled to judgment as a matter of law. And even though we view all the evidence in the light most favorable to Novak, our review of the record has not revealed any evidence upon which a jury could reasonably agree with the conclusions he asserted in his complaint. *Orme Sch.*, 166 Ariz. at 309 (summary judgment should be granted "if the facts produced in support of the claim or defense have so little probative value . . . that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense"). Accordingly, we conclude the superior court's grant of summary judgment was correct.

## CONCLUSION

**¶17** We affirm the superior court's orders granting summary judgment in favor of the Officers and dismissing Novak's claims with prejudice.



AMY M. WOOD • Clerk of the Court
FILED: AA